YARRUT, Judge.
This is an appeal by Defendant Allstate Insurance Company from a solidary judgment against it and its co-Defendant, in favor of Plaintiffs (husband and wife) for $1415.00, for personal injury and property damage allegedly suffered by Plaintiffs in an intersectional collision. Plaintiffs have answered the appeal asking for an increase in the judgment.
Defendants are, respectively, the owners of a taxicab, and the insurer of the passenger automobile involved in the collision.
The locus of collision was in the intersection of North Rampart and Iberville Sts., in New Orleans. The point of collision was the middle of the Rampart north-bound roadway nearest the River. Rampart has two roadways, each about 30 feet wide, running north and south, separated by an elevated neutral ground. Iberville intersects Rampart, with one roadway running west or towards the River.
About 9:30 P. M. August 16, 1960, Plaintiffs were passengers in a taxicab operated by an employee of Defendant Parish Cab Company, Inc. While proceeding toward the River on Iberville, and upon reaching the intersection of Rampart, the cab stopped at the “stop” sign to allow the south-bound traffic on Rampart to proceed. When this traffic had cleared, the cab proceeded across the south-bound roadway of Rampart, across the neutral ground, and then into the Rampart north-bound roadway. When the taxicab had advanced 18 feet into this northbound roadway, it was struck on the right side by the front of the automobile driven by the insured of Defendant-Allstate Insurance Company.
Plaintiffs charged the drivers of both vehicles with failure to maintain a proper lookout; travelling at an excessive speed; disregard of traffic signals; and failure to keep their vehicles under control.
. The District Court found that both drivers were guilty of negligence, in that:
“ * * * the driver of the cab was negligent in that he did not yield the right of way to the Rivera car. Pie pulled out into the downtown bound lane of North Rampart Street at a time that it was not safe to do so.
“Mr. Manuel Rivera did not maintain a proper lookout and under the circumstances he was driving at an excessive speed. Consequently he was guilty of negligence.”
Having found both the taxicab and automobile drivers guilty of negligence proximately contributing to the accident and resulting injury to Plaintiffs, third-party passengers in the taxicab, the District Court properly held them liable in solido. Bryant v. Ouachita Coca-Cola Bottling Company, La.App., 99 So.2d 152; St. Pierre v. National Casualty Co., La.App., 2 So.2d 93.
Regarding personal injuries, the husband was cut on the leg and the wife rendered unconscious. When regaining consciousness the wife allegedly began fighting her husband. Regarding the wife’s medical attention, Dr. Lubritz examined her about a week after the accident but did not treat or prescribe any medicine for her. Six weeks after the accident, Dr. Charles Rodney Smith a psychiatrist, saw the wife and reported:
“Summarily, my impression is that she is suffering with a chronic life-long mental aberration, of a schizophrenic variety. She has had difficulty in her *233 functioning as a person prior to the accident, and according to reports from her and her husband there have been increasing difficulties since then. The accident did not create a major personality change, but in a person with such low tolerance for stress, there has been aggravation of her mental condition, in setting further limit to her, personality performance.”
In another report a month later, Dr. Smith stated that the wife had “much better organized her thinking, showed more symptoms of normalcy, and was back to her usual self.” He added, however, “This, indeed, is still a condition of a mental disorder, but those secondary' symptoms which were brought about by the accident have abated.”
The District Judge awarded:
“Dr. Charles R. Smith $ 50.00
Dr. E. Lubritz 20.00
Mr. Dooner’s pants ■ 15.00
Loss of wages 30.00
Mr. B. Joseph Dooner, damages 300.00
Mrs. Janet M. Dooner, damages 1000.00
Total $1415.00”
The Plaintiffs answered the appeal for an increase in their awards, viz.:
“Dr. Charles R. Smith $ 125.00
Dr. E. Lubritz 120.00
Loss of wages 270.00
Mr. Dooner, damages 500.00
Mrs. Dooner, damages 1500,00
Mr. Dooner pants ' 15,00
Total 2530.00”
We cannot find where the husband suffered any damage in excess of the amounts allowed by the District Court.
Regarding the wife’s claim for an increase, the case of Deshotels v. United States Fire Insurance Co., 132 So.2d 504, is in point to show the adequacy of the award of the District Court. In that case $2000.00 was awarded for pain and suffering of a woman, 6J4 months pregnant, whose injuries were diagnosed as shock, cerebral concussion, lumbar sprain, shoulder sprain, and multiple contusions over her body and limbs, from which she recovered within three months after the accident.
We cannot hold the award here is manifestly excessive, warranting a reduction. The husband has not shown he is entitled to any increase.
For the reasons assigned, the judgment of the District Court is affirmed, Defendants to pay costs in both Courts.
Affirmed.