HARDY, Judge.
This was a tort action instituted by plaintiffs, husband and wife, seeking damages for personal injuries, together with certain special damages resulting from an automobile accident. From judgment in favor of plaintiff husband for $10,000.00 and plaintiff wife in the sum of $2,500.00, defendants appealed and plaintiffs answered the appeal, praying for a substantial increase in the amounts of the awards.
There is no issue of liability presented, and, concededly, the question on this appeal is restricted to the quantum of the awards.
The principal injuries sustained by the plaintiff wife fall under the general category of whiplash injuries, accompanied by an aggravation of a pre-existing nervous condition.
We think the medical testimony preponderantly supports the conclusion, as expressed in a report of her orthopedic specialist, that Mrs. Kline suffered moderately severe discomfort for approximately a month following the injury, moderate discomfort for an additional period of six to eight months, and a minimal discomfort which it was estimated would continue for an additional period of five to eight months.
Conceding the principles urged by counsel for appellants that a plaintiff must prove the relationship between a physical condition of which he complains with the accident and that it is desirable to maintain some degree of uniformity in awards made by similar injuries, we are convinced that this plaintiff suffered the injuries which were directly caused by the accident, and, under the circumstances, the award was neither *83 excessive nor inadequate. In Cassremo v. Brown (4th Circuit, 1962), La.App., 144 So.2d 608, the opinion of Judge Tate considered the classification of awards in three principal types or degrees of whiplash injuries. Upon the basis of the awards in a number of cited cases the opinion declared that awards of $2,500.00 to $3,500.00 are commonly made for those whiplash injuries which produce severe initial pain with a short period of discomfort, or for those which produced less severe pain but a relatively long period of residual discomfort or disability extending for a year or more.
We think there is no question as to the justification of the award made by the trial judge.
The principal contention with respect to the injuries to plaintiff husband is that the cervical nerve root irritation from which he suffered following the accident was not related to the injuries resulting from such accident. It is true that some five months previous to the occurrence of the accident Mr. Kline had consulted an orthopedic specialist, complaining of pain and stiffness in the left side of the neck, etc. Examination at this time revealed arthritic involvement of the fourth, fifth and sixth cervical vertebrae. However, we think the medical testimony justifies the conclusion that the pre-existing condition was considerably worsened and aggravated by the accident to such a degree that surgical intervention was recommended. This expert evidence was supported by lay testimony which was convincing on the point that this plaintiff was noticeably affected and his physical condition substantially deteriorated by the accident. In Peppers v. Toye Bros. Yellow Cab Co., et al., La. App., 198 So. 177, the opinion by Judge (now Mr. Justice) McCaleb stated:
« * * * the courts have adopted the view that, where a person who enjoys good health suffers an accident and within a short time thereafter a dormant preexisting illness or old injury disconnected with the accident flares up or becomes active, it will be presumed that the flare up was not a coincidence and that it was set in motion as a direct result of the accident. And it is sufficient for the plaintiff, in order to cast the burden of proof upon the defendant, to show by medical testimony that there is a reasonable possibility that the result claimed for did happen.”
Counsel for appellants also raises certain objections to items of special damages which he argues were allowed by the district judge. No written reasons for judgment were assigned and the judgment itself in the principal sum of $10,000.00 does not specify the apportionment between actual damages and damages for pain and suffering. In any event, we think this award is completely reasonable.
For the reasons assigned, the judgment appealed from is affirmed at appellants’1 cost.