BOLIN, Judge.
This is a suit by husband and wife for personal injuries and related special damages resulting from a collision between an automobile owned by Mr. Wright, driven by his wife, and an automobile driven by Clarence C. Paul and insured by defendant, State Farm Mutual Automobile Insurance Company. At the time of the accident Paul was within the course and scope of his employment with the Department of Agriculture and Immigration of the State of Louisiana. The lower court held the accident was caused by the negligence of Paul and awarded Mrs. Wright $15,000 for her personal injuries. A further award of $3,526.-92 was made in favor of Mr. Wright for the special damages incurred in connection with his wife’s injuries. Liability of the State Farm Mutual Automoble Insurance Company was limited to $5,000 pursuant to the contractual provision of the policy. After judgment State Farm paid its liability and the court relieved it from further proceedings. Defendant, State of Louisiana, has appealed asking for a reduction of the award and plaintiffs have answered the appeal praying the judgment be increased to $45,000 for the personal injuries received by Mrs. Wright.
*624 Since counsel for appellant has stated in his brief the appeal is limited to the question of quantum we shall omit details of the accident. Suffice it to say the Wright automobile was struck from the rear by the vehicle driven by Paul with such severity that plaintiffs’ vehicle was knocked approximately thirty-six feet forward causing serious and painful injuries to Mrs. Wright. Immediately following the accident she was carried to a hospital in Center, Texas, where she was hospitalized from August 10, 1962, to September 19, 1962. While in the Center hospital she was treated by Dr. L. S. Oates who- diagnosed her injuries as a sacroiliac strain and whiplash injury to her neck.
Dr. Oates recommended Mrs. Wright see a specialist and on September 25, 1962, she was examined by Dr. T. M. Oxford, an orthopedist of Shreveport, Louisiana, whose preliminary diagnosis was sprain of the cervical and lumbar regions of the spine. He immediately hospitalized her, placed her in traction and administered sedatives and muscle relaxants. He finally diagnosed her as suffering from a possible ruptured disc in the cervical region of the spine and a thinning of the disc space between the sixth and seventh cervical vertebrae. He referred her to a neurosurgeon for consultation.
On May 3, 1963, Mrs. Wright was examined by Dr. Heinz K. Faludi, a neurosurgeon of Shreveport, Louisiana, and as the result of his examination he determined the patient was suffering from severe cervical sprain and severe left occipital neuritis. Dr. Faludi recommended a cervical myelo-gram and a lumbar back brace for the lumbar sprain. He later ordered her hospitalized for several weeks for treatment and for the taking of a myelogram of both the cervical and lumbar regions. The myelogram was negative in the cervical region but did show a suggestion of a mild disc defect in the lumbar region between the fourth and fifth lumbar interspace.
After some improvement, she was again admitted to the hospital where Dr. Faludi performed a bilateral occipital neurectomy excising about three inches of both occipital nerves, from point of emergence from the spine, together with their branches on both sides of the back of patient’s head. Dr. Faludi concluded this nerve operation had freed Mrs. Wright of her severe headaches, but left her with some residual numbness of her head. He thought Mrs. Wright had a small herniated disc which was in remission. However, he advised her to continue wearing the lumbosacral support and to avoid strenuous exertion of her back.
The trial judge wrote an excellent opinion wherein he outlined the medical testimony.. We think the following excerpt from his opinion summarizes his conclusions :
“It is my opinion that as a result of the August 10, 1962 accident, Mrs. Wright sustained a whiplash injury and a low back sprain. The whiplash injury caused an occipital neuritis that necessitated a bilateral neurectomy to relieve the pain. As suggested by Dr. Faludi, the medical evidence indicates that Mrs. Wright is emotionally unstable, and disposed to push ‘the panic button a little bit.’ Although she probably exaggerated her complaints to some extent, it is my opinion that the evidence shows that Mrs. Wright did endure severe pain over a long period of time. In fact the pain was so severe that she submitted to a bilateral occipital neu-rectomy in order to obtain relief.
‡ sjc * H* * ‡
“Dr. Faludi found Mrs. Wright had some residual disability, a possible disc injury. November 1, 1963, he recommended that she continue the treatment he had prescribed and cautioned her not to exert her back too strenuously. There is no doubt that Mrs. Wright suffered rather constantly with her back, cervical area and occipital head *625 aches over a long period of time for which she was given considerable quantities of pain killing drugs. Her back injury is described as a possible disc injury.
“Taking into consideration, both the medical and lay evidence, I believe an award to Mrs. Wilma Wright, of Fifteen Thousand ($15,000.00) Dollars for past and future pain and suffering and residual disabilities is proper.”
 The primary question before this court is whether the trial judge in fixing the amount of the award has abused the great discretion vested in him by law in such cases. Gaspard v. LeMaire, 245 La. 239, 158 So.2d 149, on rehearing. After a careful examinaticwi of the medical and lay testimony, we are unable to say the esteemed trial judge abused his discretion. Accordingly, the judgment appealed from is affirmed and appellant is taxed with such costs as it is legally obligated to pay.
Affirmed.