HARDY, Judge.
This is an action by husband and wife for the recovery of damages resulting from an automobile accident. After trial there was judgment in favor of plaintiff husband individually for personal injuries and expenses, as administrator of the estate of his minor daughter for personal injuries, and in favor of plaintiff wife in the principal sum of $8,000.00 as damages for personal injuries, past and future pain and suffering, and residual disabilities. From this judgment the defendants have appealed only with respect to the award in favor of the plaintiff wife, which they contend is grossly excessive and constitutes an abuse of discretion on the part of the district judge. The plaintiff wife has answered the appeal, praying for an increase in the amount of the judgment to the principal sum of $15,000.00. The sole issue presented by this appeal is, therefore, the question of the quantum of the award in favor of plaintiff-appellee, Mrs. Martha Peters.
Counsel for defendants have devoted a considerable portion of their brief to the contention that the charges made by plaintiff’s attending physician were grossly excessive and were based upon the contingency of plaintiff’s recovery in this lawsuit. This would be a factor deserving of serious consideration if there was any positive evidence in the record which could be construed as supporting this contention. There is none, and the conclusions which counsel urges in this respect are drawn from inferential deductions based upon the asserted evasive nature of the testimony of the physician and not upon any established facts. This question is not at issue, however, since defendants did not appeal from the judgment in favor of plaintiff husband which included the charges made by the attending physician who is the object of this attack. The argument with respect to the physician’s charges is used by counsel to buttress the contention that this conclusion serves to discredit the doctor’s testimony as to the nature and extent of Mrs. Peters’ injuries. We find no merit in this argument. It is significant that no medical testimony was tendered on behalf of defendants, and, as a matter of fact, defendants presented no witnesses and apparently chose to rely exclusively upon what they considered to be the weakness of plaintiff’s proof.
In written reasons for judgment our esteemed brother of the district court correctly delineated the substantial facts bearing upon the nature and degree of the injuries suffered by Mrs. Peters. Our own examination of the record discloses that the impact of the collision, though apparently moderate in degree, was sufficient to throw this plaintiff against the dashboard of the car and then to the floor, resulting in a mild concussion which rendered her unconscious for a brief period of time. The testimony of the attending physician which is uncontrovertcd, shows that he examined Mrs. Peters immediately following the accident on June 28, 1964; found her to be in a dazed condition, suffering with mild shock, pains in the head, neck, shoulders, back and chest, causing severe pain on breathing. Mrs. Peters was admitted to the hospital where she was sedated, placed in cervical traction, given muscle relaxants and subjected to further examination. She was found to be suffering from multiple *793 contused areas, persistent pain in the occipital area of the neck and head and muscle spasms in the neck, head and right shoulder joint. The left shoulder was swollen with a hematoma, the pectoral muscle across the chest was rigid and the trapezius and deltoid muscles of the left shoulder were in spasm. There was a contused area with hematoma over the left pectoral area of the chest, spasm in the back muscles and maximum tenderness over the lumbosacral joint. The diagnosis at the time was mild cerebral concussion, moderately severe cervical dorsal sprain, sprain of the left shoulder joint, contusion of the left pectoral muscle, sternum and costal cartilages, lumbo-sacral sprain and contusions and hematoma.
Plaintiff remained in the hospital for about sixteen days, and after her release from hospitalization found it necessary to return to the doctor’s office on frequent occasions for treatment necessitated by blackout spells caused by pain in the back of the head. In October, shortly less than four months following the accident, Mrs. Peters was referred to Dr. Pleinz K. Faludi, a neurosurgeon of Shreveport, for evaluation of her condition. This specialist recommended and performed a bilateral section of the occipital nerves, which operation was performed on October 21, 1964. The operation relieved the severe head pain from which Mrs. Peters had been suffering but left a residual area of numbness which will continue to be a source of inconvenience. Plaintiff was under medical treatment for a further period extending through December, 1964, and at the time of trial, according to her testimony, was still suffering from stiffness in the neck and numbness of the back of the head. After her first period of hospitalization, although plaintiff returned home, she was unable to perform her household duties and required the care of her married daughter for a period of several weeks, during which time, as above noted, she was required to make frequent visits to her doctor for the relief of pain.
Counsel for appellants has cited several cases in which it is urged the nature of the injuries suffered were similar to those to which Mrs. Peters has been subjected, and in which lesser monetary awards were made. However, we think the case which is most nearly comparable is that of Wright v. State Farm Mutual Automobile Insurance Co. (2nd Cir., 1964), La.App., 169 So.2d 623, in which judgment in favor of plaintiff in the sum of $15,000.00 for past and future pain and suffering and residual disabilities was affirmed by this court. Plaintiff in the cited case sustained the same nature of head and neck injuries and submitted to a bilateral occipital neurec-tomy. However, Mrs. Wright’s injuries involved a much longer period of hospitalization and severe suffering than the plaintiff in the case before us, and she further suffered a residual disability and possible disc injury.
As we have stated many times before, no case involving injuries can be considered identical with other cases nor can the awards be equated with any exactness. For this reason, we think it is fundamental, in consideration of the amount of an award, that the facts of a particular case must be accepted as controlling.
We not only fail to find any abuse of discretion on the part of the district judge in connection with his award, but we think it is amply justified by the record and cannot be considered as either excessive or inadequate.
For the reasons assigned the judgment appealed from is affirmed at appellant’s cost.