BAILES, Judge.
This is an action in tort brought by plaintiff to recover damages for personal injuries allegedly resulting from an accident between two vehicles. The defendants named in the petition are Mrs. Rose O. Hanlon, mother of the minor driver of the Miller vehicle which ran into the vehicle occupied by plaintiff, and Mrs. Hanlon’s liability insurer, Travelers Insurance Company; David Miller, the owner of the vehicle driven by young William M. Hanlon; and State Farm Mutual Automobile Insurance Company, the insurer of the Miller vehicle and also insurer of the Dirksmeyer family automobile in which plaintiff was riding.
On June 17, 1962, the plaintiff, Mrs. Margory Maroney Dirksmeyer, was involved in this accident while riding as a guest passenger, seated on the..right front, in the family car driven by her son, Michael Dirksmeyer. As he attempted a left turn into his driveway, the car he was driving was struck on its left side near the front door by the vehicle owned by David Miller and driven by William M. Hanlon. Both vehicles were traveling in the same direction. Further discussion of the details of the accident are not necessary since State Farm Mutual Automobile Insurance Company, as the insurer of the Dirksmeyer automobile, has admitted liability.
It was stipulated between the parties that the suit would be dismissed as to the defendants, Rose O. Hanlon, David Miller, and The Travelers Insurance Company, and they are no longer parties hereto.
*400 The sole issue before the trial court was whether the plaintiff was entitled to any damages, and if so, the amount thereof.
After trial, the judge a quo, with written reasons, rendered judgment in favor of the plaintiff in the amount of $7,500.00, plus interest thereon from the date of judicial demand, and for all costs of the suit. From this judgment, defendant perfected a sus-pensive appeal. The plaintiff answered this appeal seeking an increase in the award from $7,500.00 to $20,000.00.
Appellant contends that the district judge abused his discretion in concluding that the plaintiff sustained any physical injury and an aggravation of a pre-existing anxiety psychoneurosis. Appellant urges that the medical testimony shows that the plaintiff’s nervous complaints are not solely attributable to the accident but to other causes which existed prior to the accident. Appellant further contends that the trial court erred in failing to find that the main cause of plaintiffs psychoneurotic problems is her refusal to have a hysterectomy operation. Finally, appellants urge that the award of $7,500.00 made by the trial court is excessive, being based on the assumption that the accident triggered plaintiff’s neurosis when in fact it was a minor factor.
The trial court found that Mrs. Dirks-meyer sustained the following physical injuries :
“1. A sprain of her cervical spine in the nature of a whiplash which necessitated her wearing a neck brace for approximately four months and the use of traction for about five minutes every day during that time.
2. A contusion of her right hip which is painful and requires periodic medication in the form of a shot to relieve the pain.
3. A rather serious injury to her teeth and mouth requiring extensive dental work.
4. A bruise to her right elbow.
5. A sprain of her lower back. However, Mrs. Dirksmeyer’s most serious problem is of an emotional nature which has been diagnosed to the satisfaction of the court as an aggravation of a preexisting anxiety psychoneurosis.”
Following the accident, the plaintiff first consulted Dr. Henry Harvey, Jr., a specialist in internal medicine. He testified that during the course of his examination of the plaintiff on June 25, 1962, he found no evidence of recent head or neck injury. He reported that Mrs. Dirksmeyer sustained multiple bruises as the result of the accident and that a pre-existing chronic anxiety was aggravated.
The plaintiff was treated by Dr. Howard Hansen from June 28, 1962 through June 4, 1963. He testified that Mrs. Dirksmeyer suffered from the traumatic aggravation of a pre-existing anxiety psychoneurosis. He further stated that she had sustained an acute sprain of the cervical spine and an acute sprain of the lumbosacral spine. It was his opinion that the plaintiff had recovered from the physical injuries incurred in the accident by October 18, 1962, but that she had had a severe neurotic reaction to her injuries. Dr. Hansen further testified that while Mrs. Dirksmeyer had not completely recovered from the emotional instability, her condition was not causing any significant degree of impairment.
Dr. Thomas Campanella, an orthopedist to whom Mrs. Dirksmeyer was referred by Dr. Hansen, testified that he examined the plaintiff on September 6, 1962. His examination revealed tenderness in the posterior triangle of the plaintiff’s neck with restriction of motion of the neck to a moderate degree. His impression was that the plaintiff had sustained a cervical sprain, a contusion of the right chest, a contusion of the lower back, and a contusion of the right elbow. He further stated that the clinical examination was negative for any positive objective findings to indicate any residual disability as a result of the injuries sustained in the accident of June 17, 1962, and it was his opinion that the plaintiff, by *401 September 6, 1962, had fully recovered from any injury which she may have suffered in the accident.
The plaintiff consulted Dr. Russell M. Coco on June 30, 1962. His examination revealed a spasm of the trapezius and para-vertebral muscles, tenderness to deep palpation over the right sacroiliac joint, multiple bruises and ecchymoses of the right elbow, right cheek bone and both thighs. It was his impression that the plaintiff had sustained a right sacroiliac sprain, lumbar strain, and multiple contusions of extremities, shoulder and face, but that she should have no permanent disability from her accident.
Dr. John Henry McMillian, Jr., a dentist, treated the plaintiff as a result of this accident. He stated that dental work, including a fixed bridge, performed on the plaintiff prior to this automobile accident had received extensive damage in the accident. He testified that an examination following the accident disclosed that the enamel had been fractured rendering the dental work useless and making it necessary to remake the entire bridge.
Mrs. Dirksmeyer has proved that she has sustained physical injuries resulting from the accident which include a sprain of her cervical spine, a sprain of her lumbo-sacral spine, a contusion of her right hip, a contusion of her right elbow, and an injury to l¡er teeth and mouth. However, the testimony of the medical doctors show that she had fully recovered from these injuries by October, 1962.
In addition to the physical injuries which the plaintiff suffered, it is the opinion of this court that she also suffered an aggravation of an anxiety psychoneurosis which existed prior to the accident.
Dr. Hansen and Dr. Harvey both found that Mrs. Dirksmeyer suffered, as a result of the accident, an aggravation of a preexisting chronic anxiety.
The plaintiff consulted Dr. L. F. Mag-ruder, a psychiatrist, who testified that Mrs. Dirksmeyer suffered from an emotional disorder prior to the accident of June 17, 1962, but that this emotional condition was aggravated by the accident. He stated that Mrs. Dirksmeyer suffers from an emotional illness which is known as psychoneurotic disorder, anxiety reaction. It was his opinion that the accident definitely caused aggravation to her pre-existing emotional disorder.
However, Dr. Magruder, on cross-examination, testified that there were other causes of aggravation of Mrs. Dirksmeyer’s emotional disorder, in addition to the accident. These causes included the plaintiff’s gynecological trouble and her need of a hysterectomy operation, the family’s financial problems, her dissatisfaction with the house in which she was living, and the arrival of a baby late in her life. This opinion was corroborated by Dr. Hansen who testified that the need for a hysterectomy operation could produce severe nervousness.
It is well settled in the law of this state that the tortfeasor takes his victim as he is and is accountable for the injury he sustains. The plaintiff has proved by a preponderance of the evidence that the accident not only caused her physical injury but also contributed to the aggravation of her nervous condition. It is not required that she prove that the accident was the sole cause of her nervous condition; it is enough that she prove that this accident was a contributing factor in the aggravation of the pre-existing anxiety psychoneurosis.
According to her own testimony, Mrs. Dirksmeyer rested in bed for a portion of the day for about two months following this accident; was in traction at home for a short period of time every day for about four months; and intermittently wore a collar to immobilize her neck. She made frequent trips to the doctor’s office for physical therapy, for ultra sound treatments, and for injections of zylocaine and cortisone in her right hip. During this time she slept on a hard sur *402 face and used heat treatments to alleviate her pain.
Mrs. Louise Northrop Pearson, Mrs. Lucille D. Hughes, Mrs. E. J. Shore, (Mrs. Doris Mitchell, Mrs. Hubert Taylor, .all friends bf the plaintiff, testified that •.prior to the accident, Mrs. Dirksmeyer was very active in civic and church work. They testified that she was an active participant in Boy Scout and Girl Scout work and in the PTA. She also managed to do all of her housework alone and visited '¡her friends often. None of these women ¡thought that Mrs. Dirksmeyer was an •.unusually nervous person before the ac.cident and none of them knew that she -was being treated for nervousness prior •to the accident. They all testified that ¡after the accident she complained a great deal about her neck and back, that she was very nervous and upset. They further stated that she was no longer able to actively take part in her church and school activities but required assistance to do the work. Since the accident, she has not been able to take care of her housework nor has she been able to visit her friends. They testified that she has often .expressed fear when it was necessary for her to drive the car and has arranged for a friend to take her children to and from school so she will not have to drive.
The testimony of Mr. Carl Dirksmeyer, husband of the plaintiff, corroborates the .above testimony of the curtailment of his wife’s activities.
We note that the trial judge has much discretion in the awarding of general damages for personal injuries, which discretion should not be disturbed upon appellate review in the absence of an abuse of discretion. See McCorquodale v. Watson (La.App.1965) 170 So.2d 545; Ballard v. National Indemnity Co. (1964) 246 La. 963, 169 So.2d 64; Wright v. State Farm Mutual Automobile Insurance Co. (La.App.1964) 169 So.2d 623, and Gaspard v. LeMaire (1963) 245 La. 239, 158 So.2d 149. However, we feel that the trial court erred in failing to attribute a part of the aggravation of plaintiff’s pre-existing anxiety psychoneurosis to other causes which antedated the accident. Our appreciation of the testimony of the doctors and other witnesses is that the plaintiff’s condition was materially aggravated by conditions which antedated the accident. We find the award of $7,-500.00 to be excessive under the circumstances herein prevailing and that an award of $5,000.00 is adequate and does justice between the parties.
For the foregoing reasons, the judgment appealed from is amended by reducing the award in Mrs. Dirksmeyer’s favor from $7,500.00 to $5,000.00; and in all other respects the judgment is affirmed; costs of this appeal to be paid by plaintiff-ap-pellee.-
Amended and affirmed.