LOTTINGER, Judge.
This is a suit filed by petitioners, Cecil Slayton and his wife, Mrs. Nilda Slayton, for damages resulting from an automobile collision. The defendants are Carl Grant and his liability insurer, Travelers Insurance Company. The Lower Court awarded judgment in favor of petitioners in the sum of $3,069.89 for Mr. Slayton and $12,000.00 for Mrs. Slayton, which judgment was in solido as against both defendants. The defendants have appealed and petitioners answered the appeal seeking an increase in quantum.
The accident in question took place on Louisiana Highway No. 1 at the intersection of Barrow Street just outside of the city limits of the town of Plaquemine, Louisiana, on August 31, 1966. Mrs. Slayton was operating a 1966 Dodge automobile, owned by the community existing between herself and her husband, in her proper lane of traffic in a northerly direction on said Louisiana Highway 1. At the same time Mr. Grant, an employee of the Iberville Parish Police Jury, was driving a truck owned by the Police Jury in a northerly direction following the Slayton Dodge automobile.
Mrs. Slayton testified that she was to make a left turn on to Barrow Street and had come to a complete stop to allow oncoming traffic to clear before making the turn. She testified that she gave a left • turn signal with her hand as well as with her blinker lights. She had been so waiting in the stopped position for a period of at least two or three minutes with her left hand out and her blinker on, when she was suddenly struck in the rear by the truck driven by defendant, Grant. The testimony of Mrs. Slayton in this regard was substantiated by an eye witness named Chester Harris who testified that Mrs. Slayton had been stopped some three or four minutes before the impact during which time she had her left hand out in a left turn signal and her left signal light was blinking.
Defendant, Grant, on the other hand, testified that he was traveling or, Louisiana Highway 1 in a northerly direction at a speed of some 25 miles per hour prior to the accident. He saw petitioner’s car when he was some 50 .feet from it and testified that the driver thereof had her left arm out of the car and her left turn signal blinker light was on. He was unable to swerve to avoid striking her because of traffic; that he did try to put on his brakes but was unsuccessful in stopping before the impact.
The defendants contend that a left turn maneuver should not be made until it is determined by the left turning motorist that *18 said maneuver can be accomplished with reasonable safety or else the left turning motorist will be negligent. They have cited numerous cases in support of their contention.
While we are in complete agreement with the law and the jurisprudence which has been cited to us by the defendant counsel, we feel that the jurisprudence regarding the facts of the instant case is clearly to the effect that the negligence of the defendant was the sole and proximate cause of the accident.
The record discloses that the petitioner had come to a stop some moments before the impact, during which period of time she had her left hand out in a left turn signal and her left turn blinker lights were on and working. The defendant, by his own admission, testified that he did not see the petitioner’s vehicle in the stopped position until he was fifty feet from it at which time he noticed the hand signal and the blinking turn signal. Certainly, the defendant was negligent in failing to see what he should have seen in time to avoid the collision.
In Viator v. Gilbert, La.App., 206 So.2d 106, the Court said:
“It is well settled that the operator of the following vehicle must keep his vehicle under control, closely observe the forward vehicle; and if a rear end collision occurs, he is presumed to be negligent. Bouis v. Employers Liability Assurance Corporation, La.App., 160 So.2d 36; Foster v. Phoenix Insurance Company, La.App., 146 So.2d 647; Poleman v. Employers Liability Assurance Corporation, La.App., 164 So.2d 630; Cain v. Lumbermens Mutual Casualty Company, La.App., 178 So.2d 483.”
We find no error in the decision by the Lower Court that the accident was caused solely through the gross negligence of the defendant driver, Carl Grant.
The Lower Court awarded Mrs. Slayton the sum of $12,000.00 for her physical injuries and suffering and awarded her husband the sum of $2,256.60 representing medical expenses, $500.00 as loss of earnings of Mrs. Slayton and $313.29 as damages to the automobile and other minor items.
The record discloses that following the accident, Mrs. Slayton was brought by ambulance to the Plaquemine Sanatorium where she was admitted as an emergency patient and hospitalized from August 31, 1966, to September 3, 1966. She made 163 office visits to Dr. Spedale where she underwent treatment and was subjected to the use of a pelvic belt and traction for approximately two and one-half years, or from September 6, 1966, to the date of the trial. Dr. Spedale stated that Mrs. Slayton sustained, as a result of the accident, a traumatic injury to the left hand and a traumatic injury to the lower back, with contusion of the spine, a traumatic injury to the cervical region, which with a whiplash injury to the neck aggravated a preexisting arthritic condition which was dormant before the accident. He estimated the whiplash at moderate to severe.
Following the accident, she was in severe pain. The testimony indicates that although the arthritic condition of Mrs. Slayton pre-existed the accident, it was then dormant, and the injuries from the» accident were of such a nature as to aggravate or inflame this arthritic condition. Subsequent to the accident, and as a result thereof, a tumor mass, or hemotoma was removed from the right portion of Mrs. Slayton’s back. Dr. Spedale testified that this mass was probably there before the accident; however, it was aggravated by the accident necessitating its removal.
Dr. Spedale testified that he had been the family physician for the Slayton family for the last ten years and that Mrs. Slay-ton had never had any prior trouble with her back and in particular with the cervical and lumbar areas of the back and that to his knowledge she had never had any back pains whatsoever prior to the acci *19 dent. She visited him 163 times as a result of the accident, she was hospitalized on different occasions, and he gave her medication for pain and diathermic treatment for her back. She was required to sleep with a board under her bed, wore a lumbo-sacral belt and Dr. Spedale testified that her pain was very intensive.
Dr. Campanella, an orthopedic expert who examined Mrs. Slayton on two occasions confirmed the testimony of Dr. Spedale and attributed her restriction in motion directly to the accident. He found both subjective and objective symptoms some eight and fifteen months after the accident during his examinations, and attributed her complaints to the injuries she received in the accident.
Due to the severe nature of the injuries sustained by Mrs. Slayton, as well as a long period of convalescence, and the fact that she was still suffering at the time of the trial of this matter, we do not feel that the Lower Court erred in awarding her the sum of $12,000.00. In Kline v. Columbia Casualty Company, La.App., 155 So.2d 82, the Court stated:
“The courts have adopted the view that, when a person who enjoys good health suffers an accident and within a short time thereafter a dormant preexisting illness or old injury disconnected with the accident flares up or becomes active, it will be presumed that the flare up was not a coincidence and that it was set in motion as a direct result of the accident. And it is sufficient for the plaintiff, in order to cast the burden of proof upon the defendant, to show by medical testimony that there is a reasonable possibility that the result claimed for did happen.”
In awarding the sum of $2,256.60 to Mr. Cecil Slayton as master of the community of acquets and gains, as medical expenses, the Lower Court failed to award the sum of $143.99 for medicine prescribed by the various doctors who treated Mrs. Slayton and for which receipts were introduced in the records. We feel that the judgment of the Lower Court in this respect, should be amended so as to include the medicine and drugs. The Lower Court further awarded Mr. Slayton the sum of $313.29 for repairs to the automobile, damaged clothing, ambulance and transportation to work as well as the sum of $500.00 as loss of wages for Mrs. Slayton. Proof of these damages are shown by the evidence in the record, and said damages are reasonable and they will be affirmed.
For the reasons hereinabove assigned, the judgment of the Lower Court will be amended so as to increase the awards to Mr. Slayton to the sum of $3,213.88 and, as amended, the judgment of the Lower Court will be affirmed. All costs of this appeal shall be paid by defendants.
Judgment amended and affirmed.