WATKINS, Judge.
This is an action to recover damages for personal (psychological) injuries and attendant loss of wages resulting from an automobile collision in which Mrs. Shirley Pe-nouilh’s (appellant) automobile was totally destroyed upon collision with Norman R. Crain’s (appellee) automobile. Also appel-lee is Cumis Insurance Society, Inc., Mr. Crain’s insurer. The trial court awarded judgment in favor of plaintiff against the defendants, Norman R. Crain and his insurer, Cumis Insurance Society, Inc., in the amount of $814.00 plus legal interest and costs. Cumis had previously paid the property damages to plaintiff’s vehicle. The sum awarded represented pain and suffering during the initial time off ($500.00), lost wages of $128.00 for November 8,9,10, and 16, 1979, and rental of an automobile ($172.14). These total $800.14 and the rendition of judgment for $814.00 was apparently a typographical error. The trial court denied recovery for damages alleged for Mrs. Penouilh’s “neurosis” (or psychosis), loss of wages subsequent to November 16, 1979, and expenses of psychiatric treatment by her treating psychiatrist including costs of examination of Mrs. Penouilh for her mental complaint at Doctors Hospital.
The automobile collision took place on November 8, 1977. There appears to have been no dispute that Mr. Crain was at fault. The sole issue oh appeal is whether plaintiff’s post-accident onset of psychosis was caused by subject automobile accident.
Before the accident, Mrs. Penouilh had a history of difficulty in interpersonal rela *948 tionships; she was a “loner.” She was a licensed practical nurse at Our Lady of the Lake Hospital. She had converted from part-time to full-time work some months or possibly a year before the accident, and was performing satisfactorily. After the accident she worked only briefly, partly because of her inability to get to work because her car was a total loss, and she had no other suitable means of transportation. She began to develop marked psychological symptoms, which her daughter, who was a registered nurse, recognized. Her son and daughter saw that she visited and was treated by a psychiatrist in Baton Rouge, Dr. Louis Cenac.
Mrs. Penouilh became afraid to get out of bed, or to get out of her car. She thought people were spying on her. She became obsessed with color. She stopped paying her bills.
Dr. Cenac testified that her psychological difficulties were brought on by her inability to work which resulted from the accident. He diagnosed her condition as involutional melancholia, a form of psychosis, occasionally found in women of late middle age. He had her examined for several days at Doctors Hospital, and then saw her regularly on office visits. He placed her on tranquilizers and then, when she began to pull out of her mental illness, she became depressed, and he changed the type of tranquilizer and placed her on an antidepressant. He did not think Mrs. Penouilh was employable until three or four months before the trial (August 15, 1979).
The trial court found Dr. Cenac to be “most candid and forthright”, but did not think that sufficient connexity had been established between the accident and the psychosis. We disagree. Dr. Cenac was an expert in the field of psychiatry. He interviewed not only the children, but Mrs. Pe-nouilh herself on numerous occasions. He reached the conclusion that Mrs. Penouilh’s psychosis resulted from the accident, no doubt, upon the basis of his interviews with all parties, including Mrs. Penouilh, and upon the basis of his expert knowledge in the field of psychiatry.
Dr. Cenac’s testimony is unchallenged by testimony to the contrary. The trial court notes in its reasons for judgment that two of plaintiff’s children were not called as witnesses. Plaintiff’s son, Gary Penouilh, testified at length, and there is nothing in the record or from the circumstances of this case that would lead this court to believe anything but that the testimony of the other two children would have been corroborative of Gary’s and cumulative. However, plaintiff is only required to prove her case by a preponderance of the evidence. No unfavorable inference attaches to her failure to call additional witnesses. Delafosse v. Industrial Painters, Inc., 199 So.2d 559 (La.App. 3rd Cir. 1967). We, therefore, find that a causal connection between the accident and the psychosis has been proven. Kline v. Columbia Casualty Co. et al., 155 So.2d 82 (La.App. 2nd Cir. 1963); Miller v. Allstate Ins. Co. et al., 221 So.2d 908 (La.App. 1st Cir. 1969); Slayton v. Grant, 248 So.2d 16 (La.App. 1st Cir. 1971).
The manifest error rule does not apply to the situation presented in the present case. It will be remembered that the trial court was impressed by Dr. Cenac’s demeanor as a witness. On the probative value of testimony, as opposed to the credibility of witnesses, the findings of the trial court will not be taken as conclusive. The question in the present case relates to the preponderance of the evidence, rather than to the credibility of witnesses. See Blue Streak Enterprises v. Cherrie, 263 So.2d 734 (La.App. 4th Cir. 1972). As we find that Mrs. Penouilh has proved psychological injury from the accident by a preponderance of the evidence, we find that she is entitled to damages as follows:
Rental of automobile $ 172.14
Drug expenses 360.00
Travel expense to Dr. Cenac’s office 86.40
Doctors Memorial Hospital 408.10
Dr. Louis Cenac 360.00
Lost wages for November 8, 9,10, and 16,1977 128.00
Lost wages for December 1977-April 1979 (14 mos. or 68 wks.
*949 @ $157.48 per wk. less credit as seamstress of $650) 10,058.64
Pain and suffering resulting from mental illness 15,000.00
TOTAL $26,573.14
The judgment of the trial court is amended to award Mrs. Shirley Penouilh the sum of $26,578.14, with legal interest from date of judicial demand, all costs in this court and in the trial court to be paid by appel-lees.
AMENDED AND AFFIRMED.