SCHOTT, Judge.
This is a damage suit by plaintiff against the owner of her apartment, Mrs. Frederick Pou, Pou’s insurer, Kemper Insurance Company, and Pou’s building manager, Benjamin Holland. When plaintiff returned from a one month trip to California in July, 1979, she found that there was an accumulation of mildew in her apartment which she alleged caused extensive property damage and personal injury to her. The trial court awarded her a judgment of $1500. She has appealed, seeking an increase in the amount of the award, and defendants have answered the appeal contesting liability. The issues are whether the trial judge committed manifest error in his factual determinations as to liability and quantum and whether he abused his discretion in assessing damages.
Plaintiff had resided in this apartment since 1975 and had experienced some problems with mildew prior to her trip to California in June, 1979. Upon her return there was an extensive accumulation of mildew in the apartment. Before leaving on her trip she had set the thermostat of the air conditioning unit at 70 °. The trial court was convinced that some damage was done to plaintiff’s property due to the malfunctioning of the air conditioning and defendants would have us reverse this finding on the basis of manifest error. We are not persuaded to do so. Plaintiff testified that she had problems during the past with the air conditioning. She produced an expert witness who testified that if the thermostat was set at 70 ° for a four week period there should not be a great accumulation of mildew if the system is working properly. The air conditioning technician who had serviced the system in the past testified that he had repaired it in 1976 because the thermostat was not making contact, in 1977 because the rooms were overcooling and in 1978 because of a leak in the tank. Finally, the apartment manager, defendant Holland, testified that plaintiff did complain to him occasionally about air conditioning problems in the apartment. The record establishes that the trial court’s finding that air conditioning malfunctioning caused some mildew is not clearly wrong. Arceneaux v. Domingue, 365 So.2d 1330 (La.1975).
Defendants further question the trial court’s judgment on liability on the basis of evidence that while plaintiff was on her trip *601 her son occupied the apartment and caused, or contributed to, the mildew problem, that her failure to call her son as a witness in her behalf cast doubt on her case, and that her previous knowledge of mildew formation in the apartment charges her with contributory negligence and assumption of the risk with respect to mildew.
To support their argument that plaintiff’s son caused the mildew, they proved that he occupied the apartment for a week while plaintiff was away and that he was quite messy. They suggest that he may have set the thermostat too low, allowed wet clothing to hang around the apartment, let rain come in, or had parties in the apartment. The simple answer is that these suggestions are based on speculation and are not supported by evidence that the vast accumulation of mildew was caused by the conduct attributed to plaintiff’s son.
But defendants seek to avoid carrying their burden of proof by invoking an adverse presumption against plaintiff for failing to call her son as a witness in her behalf as in Moore v. Skidmore, 301 So.2d 428 (La.App. 4th Cir.1974). However, plaintiff was required to prove her case by a preponderance of evidence and was not obliged to call her son or any other additional witnesses whose testimony would have been cumulative as to her case. Penoailh v. Crain, 396 So.2d 947 (La.App. 1st Cir.1980) writ den. 399 So.2d 585. She was under no obligation to produce her son as a witness to rebut the speculation raised by defendants that his conduct and not the malfunction of the air conditioning system caused her some loss.
Defendants’ contention that plaintiff was contributorily negligent or assumed the risk of the mildew damage is based on evidence that she knew that this apartment had a tendency to produce mildew before she left for California. However, such evidence does not support the conclusion that she knew or should have known such a tremendous onslaught of mildew would occur as did on her 1979 trip. The burden was on defendants to prove this affirmative defense and the trial judge was apparently unconvinced by their proof. We find no manifest error in this conclusion.
As to quantum, plaintiff contends, first, that she is entitled to an increase to compensate her for physical suffering due to an aggravation of a pre-existing respiratory problem. Plaintiff testified that she had been treated by ear, nose and throat specialists before her trip to California but they were not called as witnesses. When she called her eye doctor to prove aggravation of her condition, defendants objected and the trial court sustained the objection stating that this doctor could not testify as to aggravation of a condition of which he had no knowledge. We see no error in this ruling and conclude that plaintiff failed to carry her burden of proof in this regard.
As to property damage, plaintiff contends that the trial judge should have awarded her some $7221 while defendants contend that she proved no damages. Plaintiff’s claim was based on her testimony as to the cost of replacing her wardrobe and furnishings, re-upholstering furniture and hiring persons to clean her property, her own time in cleaning up, and the cost of an appraisal of her damages. The trial judge noted that her replacement figures were based on the cost of new items and her refinishing was not confined to mere repair of damage caused as opposed to improvement. The same applies to the hours spent in cleaning up the apartment. Furthermore, the trial judge was in the best position to evaluate her testimony as to her own time spent cleaning the place and the record does not warrant a change by this court. As to the expert’s bill, we are cited no authority for awarding this item to plaintiff. On the other hand, plaintiff suffered some damages to her property which could not be exactly estimated. The award of $1500 is within the discretion of the trial judge under the circumstances of the case. Jordan v. Travelers Insurance Company, 257 La. 995, 245 So.2d 151 (1971).
*602 Accordingly, the judgment is affirmed. AFFIRMED.