HALL, Judge.
Lawrence M. Sicard, owner and operator of a 1964 Rambler automobile, and Alvin I. Braud, owner and operator of a 1956 Oldsmobile were involved in an intersec-tional collision in the City of New Orleans on December 16, 1963 which resulted in personal injuries and property damage to both of them. Sicard sued Braud and his public liability insurer for damages for the personal injuries received by him. Braud’s-. insurer answered on behalf of itself and its-insured, Braud, and following this, Braud-himself filed a supplemental answer in'' which he reconvened against Sicard and Allstate Insurance Company, Sicard’s public liability insurer (as a third-party defendant) for the personal injuries and property damage received by him in the-accident. Allstate Insurance Company as. subrogated collision insurer of Sicard reconvened against Braud for the damage to Sicard’s car. Braud filed an exception of prescription to Allstate’s claim which was sustained and this claim passed out of the-case.
Following trial on the merits the District Judge rendered judgment in favor of the-defendants, Braud and his insurer, dismissing plaintiff Sicard’s suit at his cost. Judgment was also rendered in favor of Braud’ on his reconventional demand in the sum of' $1,275.00 plus interest and costs against Sicard and Allstate Insurance Company.
Following rendition of the judgment Sicard and Allstate paid and satisfied in-full the judgment for $1,275.00 obtained: by Braud on his reconventional demand. Sicard appealed devolutively from the-judgment dismissing his main demand’ which is the only matter at issue here.
The automobile accident giving-rise to this litigation occurred on December 16, 1963 at about 10:00 A.M. at the intersection of Bertrand and Poydras Streets in the City of New Orleans. Poy-dras Street proper is a wide paved thoroughfare which runs in a river-lake direction and consists of two roadways (each accommodating two lanes of traffic) di- • vided by a neutral ground. The roadway on the uptown side of Poydras Street is • reserved for traffic proceeding toward' the river, while the roadway on the downtown, or Canal Street side, is reserved for traffic going in the opposite direction.. We are concerned here with the roadway on the uptown side only. This roadway is bounded on its upper side by a railroad L *823 right of way just wide enough to accommodate safely two parallel switch-tracks. These switch-tracks separate Poydras Street proper from a two-way service road which runs parallel to it on its uptown side. Bertrand Street is a sho^t dirt street which runs in an uptown-downtown direction and intersects Poydras Street between the Claiborne and Broad Street overpass at a point about two blocks toward the lake from the Claiborne overpass. A vehicle travelling on Bertrand Street in a downtown direction towards Poydras Street must first cross the service road and then come upon and cross over the switch-tracks before entering the intersection. There are no traffic control signals or signs at the intersection, but Poydras Street being a neutral ground boulevard has the right of way over Bertrand Street and the driver of .a vehicle entering Poydras Street from Bertrand must “ * * * proceed cautiously, yielding to vehicles which are within the intersection or approaching so •closely as to constitute an immediate hazard.” (See New Orleans City Code 1956 Sec. 39-93)
Only factual issues are presented by this appeal. The law is too well settled to require discussion or citation of authorities.
Sicard (hereinafter referred to as “plaintiff”) had been travelling in a downtown direction on Bertrand Street and was in the act of entering the upper or river-bound roadway of Poydras Street proper with the intention of making a right-hand turn thereon toward the river when his car was struck by the automobile driven by Braud {hereinafter referred to as “defendant”) which was travelling on Poydras Street toward the river. Plaintiff had proceeded into Poydras Street somewhere between four feet (4') to three-quarters of a car length in the process of making his turn when the accident occurred. Defendant had been travelling in the right-hand lane of the river bound roadway, or lane next to the switch-tracks. The right front corner of defendant’s car struck the left front of plaintiff’s automobile just behind the front bumper. Plaintiff’s car was spun around, throwing plaintiff to the pavement. Defendant’s car continued toward the river on Poydras a distance estimated variously from 75 to 90 feet before coming to rest.
The two drivers and one Lester E. Williams were the only witnesses to the accident.
Plaintiff testified that when he came upon the switch-tracks he stopped, looked both ways on Poydras Street, and, seeing nothing, proceeded out into Poydras Street slowly intending to make a right turn to the river when he was struck. He testified he never at any time saw the car which struck him. He was rendered unconscious by the impact and remembers nothing else.
Defendant testified that he was driving toward the river on Poydras Street in the lane next to the switch-tracks at 28 to 30 miles per hour; that when he was approximately 45' to 50' from the intersection he observed plaintiff’s car which at that moment was coming slowly over the tracks; that he thought plaintiff would stop and let him pass; that when he saw plaintiff enter the intersection he hit his brakes and “may have swerved over a foot or two” to his left. Defendant further testified that his accelerator became stuck as a result of the impact and that his car travelled about 75 feet before he could stop it by turning off the ignition.
Lester E. Williams testified on behalf of plaintiff. His testimony is to the effect that he had been driving on Bertrand Street in the direction of Poydras; that he stopped at the service road; then slowly crossed it and came up behind plaintiff’s car which had come to a dead stop before entering Poydras Street; that he (Williams) had noticed defendant’s car which was then 75 or 80 yards away; that at the moment plaintiff started out into the intersection he glanced to his left again and saw defendant’s car • which was then 20 to 30 yards *824 away and he knew an accident was inevitable. Williams estimated defendant’s speed at various rates between 40 and 60 miles per hour.
Besides testifying at the trial, Williams gave a discovery deposition on November 12, 1964 and also a recorded statement over the telephone to an insurance adjuster on April 20, 1964. Although the recorded statement was not given under oath, Williams admitted at the trial that he gave the statement as recorded. Although appellant lays great stress on Williams’ testimony we find that his testimony as a whole contains so many self-contradictions as to render it unreliable.
Plaintiff’s view to the left on Poy-dras Street was entirely unobstructed. He could have seen out Poydras Street as far as the Broad Street overpass, a distance of six or eight blocks. Whether he came to a full stop before entering the intersection, as he and Williams testified, or whether he proceeded into Poydras Street without stopping, as testified by defendant, is immaterial. In either event plaintiff was grossly negligent in entering Poydras Street without first ascertaining that it was safe to do so, and such negligence would bar his recovery, unless, as appellant contends, defendant had the last clear chance to avoid the accident.
Appellant contends that plaintiff was driving between SO and 60 miles per hour (the speed limit on Poydras Street is 35 miles per hour) and that had he been travel-ling at a safe and legal rate of speed he could and should have avoided the accident by timely application of his brakes or by simply swerving over to the left traffic lane which was clear of cars.
The decision in this case depends entirely upon the resolution of the factual issues. We find no necessity to discuss the facts in further detail. The Trial Judge concluded that even though defendant was driving “over the limit of 35 miles per hour” the sole proximate cause of the collision was plaintiff’s entry into the intersection from a place of safety without looking and that plaintiff entered the intersection at a time when defendant’s car was at a point that even if defendant had been travelling “at the speed limit or slightly lower” he could not have stopped in time to avoid the accident. We find no manifest error in such findings and conclusions, nor do we find that had plaintiff been driving within the speed limit he could have switched to the left lane in time to avoid the accident.
For the foregoing reasons the judgment appealed from is affirmed, appellant to pay the costs of appeal.
Affirmed.