188 So.2d 203 (1966)
Mrs. Hilda Tobin KRAFT, wife of and E. J. Kraft
v.
U. KOEN & COMPANY, Inc., et al.
No. 2237.
Court of Appeal of Louisiana, Fourth Circuit.
June 6, 1966.
Rehearing Denied July 5, 1966.
*204 Hubert, Baldwin & Zibilich, New Orleans, for Mrs. Hilda Tobin Kraft, Wife of/ and E. J. Kraft, plaintiffs-appellees.
Curtis R. Boisfontaine, Sessions, Fishman, Rosenson & Snellings, New Orleans, for U. Koen & Co., Inc., and Maryland Casualty Co., defendants-appellants.
Before REGAN, CHASEZ, and HALL, JJ.
CHASEZ, JUDGE.
This is a suit for personal injuries sustained by plaintiff when she was allegedly struck by defendant's delivery truck and knocked to the ground.
*205 The record reveals that on October 7, 1961, at approximately 11 o'clock in the morning, plaintiff, an elderly woman, left Krauss's Department Store in the City of New Orleans through a side entrance which opens on Basin Street. The Krauss store faces on Canal Street and the side entrance referred to is in the middle of the block between Canal and Iberville Streets.
The plaintiff testified that she stepped off the curb in the middle of the block, after looking in both directions; that she stood in the parking lane waiting for traffic coming from her left (Canal Street bound) to pass before crossing to the neutral ground; that there was a car parked to her left, and that she saw a truck (defendant's) stopped about 20 to 25 feet to her right prior to stepping off the curb. After leaving the curb she did not again look to the right, for the normal flow of traffic in those lanes was from her left. She testified that at no time did she see the truck in motion.
While standing in the parking lane, the truck backed slowly into her and knocked her to the pavement.
Defendant's driver, Larry Le Blanc, testified that he came to Krauss's to make a delivery, that he pulled up to the curb on the Basin Street side of the store, headed toward Canal Street, a short distance beyond the side entrance of Krauss's, that he did not see anyone standing at the curb outside of the entrance, that he was partially blocking a bus stop located at that point and so, after looking into all three of his rear view mirrors (an outside mirror on each side of the vehicle and one center mirror inside) and not seeing anyone or anything behind him, shifted into reverse, looked again and started backing slowly. He testified that he was completely stopped only for the time necessary to shift the truck into reverse gear, estimated at three or four seconds. He admitted that there was at that time an accident at the corner of Iberville and Basin St. which he noticed in his rear view mirror, and also that the view from his center inside mirror was not only limited by the glass panels in the rear door of the truck, but was additionally obscured by heavy wire screening over those glass panels and behind the driver's cab. He testified that he stopped when he heard a sound like a package being dropped, got out and walked to the rear of the truck, where he found plaintiff on the ground. He helped her to her feet and into Krauss's store, gave her the name of his employer, then made his delivery.
It appears that plaintiff was able to drive herself home, but suffered some pain and went to the doctor, who discovered she had broken her left hip.
Various complications arose, necessitating two operations and a possibility of still a third. This suit was brought to recover her damages and medical expenses.
The trial court awarded judgment in favor of plaintiff, Hilda Tobin Kraft for $7,500.00 and in favor of her husband, E. J. Kraft, for medical expenses and doctor bills which he paid as head and master of the community of acquets and gains existing between them, in the amount of $2,554.95.
Defendants appealed.
Defendants contend that the court erred in holding that their driver was negligent under the facts and circumstances proved, and in granting recovery to plaintiff after finding that the plaintiff was negligent.
Defendant further contends that the court, after finding as a fact that it was impossible for their driver to have seen plaintiff's peril, erred in holding nevertheless that the driver had the "last clear chance" to avoid the accident.
Plaintiffs contend that the driver of defendant's truck was negligent in relying on the visual aids available to him because there were certain blind spots which could not be seen, and further, that the driver's attention was diverted by an accident at the intersection of Basin Street and Iberville Street, to his rear.
*206 Plaintiff contends that she was not contributorily negligent in crossing the street in the middle of the block, and even if she were, that defendant had the last clear chance to avoid the accident in that he failed to take actions to ascertain absolutely that he could make his backing maneuver safely.
The backing of a vehicle is not negligence in and of itself; it is negligence only when done in an unreasonable manner. It does not appear from the record that defendant's vehicle in this instance was backed carelessly or recklessly, or exceptionally fast under the circumstances. It does not appear that the panel truck being driven by defendant's driver could have been more adequately equipped with rear viewing devices (there were large exterior mirrors, one on each side of the vehicle, and a center, interior mirror giving a view through the glass panels in the rear door of the panel truck). It does appear from the testimony of defendant's driver, whose veracity was not questioned, that these viewing devices were properly adjusted for his use, and that they were used by him. It does not appear, nor is it suggested, that any other device should have or could have been added to the vehicle that would have increased the rear-vision of its operator. Plaintiff submits that the operator, in the circumstances of this case, must get out of the vehicle and ascertain that there are no pedestrians behind it. We believe that this is increasing the burden on the defendant unrealistically, for, under the circumstances of this case it would then have been impossible for that driver to back his vehicle unless he was able to obtain the aid of some third person to stand there and keep pedestrians from crossing the vehicle's path.
The driver's testimony is uncontradicted that he was stopped for only three or four seconds, the time necessary for him to put the vehicle into reverse. Certainly it was not unreasonable of him to rely on observation of the area that recent, in addition to his rear-viewing devices, and further upon the law that prohibits persons from crossing the street in the middle of the block. Unlike the case of Neyrey v. Maillet, La.App., 21 So.2d 158, defendant here was not preparing to leave a spot in which he had been parked for some time, but was in the process of backing into a proper parking space for the first time. He did not rely entirely upon the limited vision afforded him by his rear-viewing devices, but also upon his observance of the area on his arrival at the scene, which is established as being a lapse of a maximum of four seconds. We believe that the average prudent man in the community, under the same circumstances, would have acted similarly.
In any event, it is the opinion of this court that plaintiff was contributorily negligent. The trial court, in relying (at least in part) upon the doctrine of "last clear chance" at least impliedly recognizes her contributory negligence. Pedestrians must take some precautions for their own safety. Plaintiff's action in crossing this street was in direct violation of the Code of the City of New Orleans, Section 38-202 which provides:
"Between adjacent intersections at which traffic control signals are in operation, pedestrians shall not cross at any place except a crosswalk. No pedestrian shall cross a roadway other than in a crosswalk in any business district."
This accident occurred in the main business district of downtown New Orleans and there were traffic control signals at the intersection of Canal Street and Basin Street, adjacent to that block.
The causal connection between plaintiff's violation of the statute and the accident is clear. Whether or not she had actual knowledge of the ordinance makes no difference, and her testimony to the effect that she was not aware of such an ordinance is, in view of her admission that she had been ticketed and had paid a fine for *207 jay-walking in the past, tends somewhat to discredit her testimony.
Plaintiff cites the cases of Robichaux v. Toye Bros., La.App., 61 So.2d 264, and Lutz v. Pope, La.App., 135 So.2d 688, for the proposition that crossing the street in the middle of the block is not contributory negligence.
The court, in Flack v. Margiotta, La.App., 76 So.2d 444, distinguished the Robichaux case, by pointing out that in Robichaux the entrance to the hotel was directly across the street from a trolley stop and the pathway between these two points was customarily used by persons travelling to and from the hotel entrance and the trolley stop. In addition, the backing vehicle there was not backing into the curb but was out in the travelled lanes of traffic some distance from the curb, at which point one would not normally expect to encounter such a backing maneuver.
The accident in the Lutz case occurred in Bunkie, Louisiana, and it does not appear from the opinion in that case whether or not there was a statute involved there, and the court did not discuss contributory negligence at all.
In the present case the entrance out of which plaintiff came was not the main entrance to the store. It does not appear in the record that great numbers of persons habitually used that entrance, or crossed the street at that point. There was no attraction in the neutral ground directly across from that point, such as the street car stop in Robichaux to which persons would customarily walk, nor does it appear that there was any such attraction on the far side of the street.
Our Supreme Court has held that the doctrine of "last clear chance" applies not only when the party against whom it is invoked actually saw the peril that the other party had placed himself in, but also when that first party should have seen the peril and acted accordingly to avoid the accident. Jackson v. Cook, 189 La. 860, 181 So. 195. In our opinion, however, the doctrine is inapplicable in the present case.
It appears, in this case, that the defendant driver could not have seen the plaintiff, and we have already concluded that under the circumstances he was not negligent in this respect. We do not now see how it can be held that he should have seen what it has previously been established that he couldn't have seen. In addition, the doctrine has been described as a "two edged sword" in that it is applicable to both plaintiffs and defendants. A negligent plaintiff may himself have the "last clear chance" to avoid his own injury. Where such a negligent plaintiff is not helpless to save himself, but is only inattentive to his surroundings, as appears to have been the case here, he has no greater right for reimbursement for loss admittedly occasioned by his own inattentiveness.
We agree with the distinction of the Neyrey case, supra, on which the trial court relied, contained in the opinion of the Court in Flack v. Margiotta, supra, and are of the opinion that the present case is controlled by the decision of the Court in Flack v. Margiotta.
For the foregoing reasons the judgment of the trial court is reversed, and judgment is entered in favor of the defendants, U. Koen & Company, Inc., and Maryland Casualty Company, and against plaintiffs, Mrs. Hilda Tobin Kraft and Mr. E. J. Kraft, plaintiffs, dismissing their demands. Costs to be paid by plaintiffs-appellees.
Reversed and rendered.