BARNETTE, Judge.
Plaintiff seeks damages resulting from an intersectional automobile collision. From a judgment finding him contributor-ily negligent, rejecting his demands and dismissing his suit, he has appealed. The issues involve only questions of fact.
The accident in question happened at about 12:45 p. m. on February 24, 1965, at the intersection of North Rocheblave Street and London Avenue in the City of New Orleans. The plaintiff was proceeding lakeward on London Avenue, which is a boulevard with a wide neutral zone. Each side of the street has two lanes for moving traffic and one for parking. The defendant was on North Rocheblave Street driving a Volkswagen automobile toward St. Bernard Avenue, thus approaching the intersection from plaintiff’s right. London Avenue is a major street and traffic moving on North Rocheblave is required to stop before entering the intersection. The usual “Stop” sign is properly posted on North Rocheblave.
The defendant testified, and was corroborated by a disinterested witness, that she stopped in obedience to the traffic sign before proceeding into the intersection. The view to her left was partially obstructed which, she testified, required that she proceed with caution. She stated that she entered very slowly and did not see the plaintiff’s oncoming Chevrolet until her car was entering the neutral zone, just a moment before the impact.
•The plaintiff testified that he was driving in the left lane about 35 miles per hour, the legal limit, and did not see the Volkswagen until he was within about 20 *498 feet of it. He applied his brakes and pulled to the right in an attempt to avoid collision. His car skidded, causing his left rear side to strike the left rear of defendant’s car. The Volkswagen was knocked into the curb and came to rest approximately in the neutral zone. Plaintiff’s Chevrolet came to rest in the intersection almost at right angle to the direction of London Avenue traffic lanes. It is the plaintiff’s contention that the defendant suddenly appeared in front of him, having entered the intersection negligently without regard for traffic moving on the right-of-way street.
Plaintiff has cited Koob v. Cooperative Cab Co., 213 La. 903, 35 So.2d 849 (1948), and quotes therefrom as follows:
“The law in this state is well settled that a motorist who is proceeding' on a right-of-way street, upon approaching an intersection where traffic is required under a city ordinance, and is warned by stop signs, to come to a complete stop before entering the intersection, should not be held to the same degree of care and vigilance as if no ordinance existed or stop signs were erected. The danger at such an intersection is less than that at a corner where no stop signs have been erected, and therefore less care is required of the driver on a favored street. The motorist on the right-of-way street, with knowledge of the location of such a stop sign, has a right to assume that any driver approaching the intersection from the less favored street will observe the law and bring his car to a complete stop before entering the intersection, and such motorist can indulge in this assumption until he sees, or should see, that the other car has not observed, or is not going to observe, the law. * * * ” 213 La. at 909-910, 35 So.2d at 851.
That case would stand as authority for defendant’s negligence and plaintiff’s right to recovery unless he was barred by the doctrine of last clear chance, which was alternatively pleaded here.
Sicard v. Braud, 182 So.2d 821, a recent opinion by this court (1966), cited by plaintiff in support of his argument, held that excessive speed of a motorist on a favored street does not necessarily establish that such was a proximate cause of the accident. That case can be distinguished from the instant one in that in the cited case there was no obstruction of view for a distance of six or eight blocks. Furthermore, in that case the plaintiff-appellant was the driver on the unfavored street. He was found to be grossly negligent which fact barred his recovery. It was not necessary in that case to pass on the defendant’s contributory negligence by speeding or his being barred by the last clear chance doctrine. The award of damages to him as plaintiff in reconvention was not appealed.
The evidence is uncontradicted ’ that plaintiff’s car skidded 44 feet before impact. The trial judge observed aptly that it would be a matter of guess how much farther it might have skidded except for striking defendant’s car. In well-stated written reasons for judgment, he found the plaintiff contributorily negligent by driving at an excessive speed over the legal limits and under prevailing conditions, particularly, the obstructed view of the North Rocheblave intersection. This conclusion was based principally on the skid marks of 44 feet before impact. He further observed that the width of London Avenue is such that plaintiff could have veered to the right and passed safely behind defendant, who was in the act of entering the neutral zone.
The distance of plaintiff’s skid marks (44 feet) completely discredits his testimony that defendant suddenly appeared in front of. him at a distance of about 20 feet. Either plaintiff was driving at an excessive speed or was not keeping a proper lookout, or both. In any event we think he is barred from recovery by failure to avail himself of the last clear chance. The duty of those in charge of the operation *499 of an automobile to look ahead and observe never ceases. Evans v. Thorpe, 175 So.2d 418 (La.App.2d Cir.1965). In Wagner v. Travelers Indem. Co., 185 So.2d 289 (La.App.1st Cir.1966), the court stated:
“Also applicable to the case at bar is the well established rule that a motorist is under a continuing duty to maintain a proper lookout and must always keep an alert eye upon preceding traffic. Failure to observe this cardinal principle bars the motorist’s recovery where such failure constitutes the [a] proximate cause of an accident. Jackson v. Cook, 189 La. 860, 181 So. 195; Epps v. Standard Supply & Hardware Co., La.App., 4 So.2d 790.” 185 So.2d at 293.
Here the plaintiff was obviously not keeping a proper lookout. The last clear chance doctrine will apply since this court in Kraft v. U. Koen & Co., 188 So.2d 203 (1966), stated:
“Our Supreme Court has held that the doctrine of ‘last clear chance’ applies not only when the party against whom it is invoked actually saw the peril' that the other party had placed himself in, but also when that first party should have seen the peril arid acted accordingly to avoid the accident. Jackson v. Cook, 189 La. 860, 181 So. 195. * * *” 188 So.2d at 207. (Emphasis in the original.)
Considering the width of London Avenue and the plaintiff’s possibilities of avoiding the accident had he been keeping a proper lookout, the last clear chance doctrine prevents the plaintiff’s recovery of damages.
We find no manifest error in the conclusion of the trial judge.
Having concluded that the plaintiff is barred from recovery, we need not decide the issue of defendant’s negligence.
The judgment rejecting plaintiff’s demands and dismissing his suit is affirmed at his cost.
Affirmed.