PRICE, Judge.
This is an appeal from a judgment of the trial court awarding plaintiff the sum of $22,500.00 for personal injuries and $3,803.-43 for special damages sustained in an automobile collision. The parties have acknowledged the correctness of the judgment of the trial court in its finding of liability, and the sole assignment of error is limited to the contention that the trial judge abused the discretion vested in him in determining the amount of the award for personal injuries.
Plaintiff, A. Lee Booth, Jr., was injured in a three car collision which occurred in Richland Parish on the morning of October 14, 1965. At the time of the accident plaintiff was riding as a guest passenger in his own automobile, which was being driven by a friend. As plaintiff’s vehicle was proceeding south on Louisiana Highway 15, it approached a line of cars traveling northerly. One of the vehicles in the oncoming line of cars slowed. The truck belonging to defendant, Good Foods, Inc., which was following the slowing vehicle, struck the rear of the car ahead of it and bounced into the left lane where a head-on collision ensued between this truck and the automobile in which plaintiff was riding.
Plaintiff brought suit against the truck driver, David Bryant, against Good Foods, Inc. and its liability insurer, Reliance Insurance Company. Third party pleadings impleaded the drivers of two other vehicles and their liability insurers. After trial on the merits, judgment was rendered for plaintiff and against defendant in the sum of $22,500.00 for plaintiff’s injuries, pain and suffering and residual disability, plus special damages in the amount of $3,803.48. The third party demands were rejected.
The plaintiff suffered extensive injuries in the accident described herein. He was removed from the damaged vehicle by one of the other passengers and placed in a ditch along the roadway. Witnesses at the scene described plaintiff as being in a state of shock, severely cut and bruised and bleeding profusely from his shoulder and head. He was transferred by ambulance to St. Francis Hospital in Monroe where he was given emergency treatment by Dr. Jack T. Jackson, a surgeon, and Dr. Faheam Cannon, an orthopedic surgeon. Plaintiff *887 was conscious but in severe pain at the time of his arrival at the hospital.
From the results of the emergency treatment administered to plaintiff, it was determined by Dr. Jackson that Booth had suffered certain internal injuries, the extent of which could only be determined by an exploratory operation. This was performed by Dr. Jackson, who testified that he removed a quantity of blood from plaintiff’s abdominal cavity and then found it necessary to remove his spleen, which had been ruptured by trauma received in the accident.
Dr. Cannon described the multiple orthopedic injuries to plaintiff as consisting of a closed fracture of the distal radius of the right wrist; a spiral fracture of the middle finger on the right hand; a compound fracture of the clavicle, or collar bone, on the left; extensive lacerations of the deltoid muscle on the left, with loss of muscle tissue from the deltoid muscle; an incomplete fracture of the achromial process of the left shoulder blade; a lineal fracture of the traverse process of the seventh cervical vertebra; and a fracture of the left second rib.
At the same time Dr. Jackson was performing abdominal surgery on plaintiff, Dr. Cannon performed an open reduction of the left clavicle fracture, with an in-tramedullary pin fixation; a closed reduction of the fracture of the right wrist with a forearm and lower arm cast fixation. Simultaneous with these operative procedures the injury of the deltoid muscle was sutured and repaired by Dr. Jackson and another attending physician. The rib fracture was treated by a strapping of the chest of plaintiff.
Plaintiff was hospitalized for a period of about thirteen days following the accident and then spent approximately three weeks convalescing at his home before he was able to move about. After a period of approximately three months the plaintiff had substantially recovered from any discomfort or soreness resulting from the accident.
The pin in the shoulder of plaintiff was removed on January 11, 1966, which was some three months after the accident.
At the time of the accident plaintiff was eighteen years old, unmarried and lived with his parents. He was a bricklayer by trade and had worked primarily for his father, who owned a construction company in Archibald, Louisiana. Plaintiff enrolled as a student at Northeast Louisiana State College for the spring semester of 1966, approximately four months after the accident. It was after he failed to make his grades for this semester that he attempted to return to the trade of a brick mason. He worked at this trade for approximately three weeks before becoming ill with a stomach disorder. Plaintiff then began working as a material buyer for his father in the construction business, but soon joined the National Guard and spent four months in training with that organization. He was released in April, 1967, at which' time he attempted to return to bricklaying for his father. Plaintiff continued to follow this trade until August, 1967, when he developed pericarditis. After recovering from this condition he did not return to bricklaying but began to work in an administrative capacity for his father.
It is plaintiff’s contention that, because of the injury to the deltoid muscle group on the left side, he has a permanent impairment of the function of this muscle which restricts his ability to perform as a bricklayer. Plaintiff testified that he is left-handed and that when his left arm is raised to a horizontal position a popping occurs in his shoulder and he suffers fatigue in this deltoid muscle after working a few hours. He further testified that his ability to maintain the pace of laying brick, as possessed prior to the accident, has substantially declined. He contends this will reduce his ability to compete in the labor market as a bricklayer in times when work is not plentiful.
*888 Dr. Cannon, the treating orthopedist, testified that plaintiff has a residual disability of five to seven percent as applied to the left shoulder girdle. It was his opinion that plaintiff could return to his former trade as a brick mason within approximately four months after the accident.
Plaintiff offered the testimony of two fellow brick masons who had worked with him prior to and after the accident. They testified that his speed and ability decreased after the accident. One of these witnesses testified that a bricklayer who is not as fast as others is more apt to be laid off in a reduction in force.
The district judge did not give written reasons, and, therefore, there is no way to determine how he apportioned his award for personal injuries to the various injuries sustained, or what amount was attributable to any finding of permanent disability.
In the 1967 case of Guy v. Kroger Company, et al., La.App., 204 So.2d 790, handed down by this court, the discretion to be allowed a trial court on the awarding of damages was discussed as follows:
“Although ‘much discretion’ must be allowed the trial court and jury in fixing the damages (La.C.C. Article 1934) the jurisprudence is clear that if there has been an award so excessive or inadequate as to be an abuse of that discretion, the appellate court has not only the right but the duty to review the law and facts and correct the mistake. The appellate court should review all the facts and circumstances upon which the lower court based the amount of the award but this review is confined to determining whether there has been abuse of the ‘much discretion’ and awards in ‘similar’ cases are relevant only to determine whether there has been an abuse of discretion but for no other purpose. In other words, there should not be an attempt to maintain a uniformity of awards for what the appellate court interprets to be similar cases. The reason for such a rule is the inability of any appellate court to judicially determine similarity of cases involving personal injuries. Each case is different and the adequacy or inadequacy of the award should be determined by the facts and circumstances peculiar to the case under review. Ballard v. National Indemnity Company of Omaha, Nebraska, 246 La. 963, 169 So.2d 64 (1964).”
In urging that the trial judge exceeded the discretion vested in him to determine the amount of damages due to plaintiff, appellant contends that the aggregate amount awarded to plaintiff for his many and varied injuries is out of line with awards made by appellate courts in cases involving similar injuries considered separately. The cases are illustrative of each injury being treated individually. Appellant contends that, since plaintiff received all of his injuries at the same time and only had one period of pain and suffering, the court should take this into consideration in making its determination of quantum. Appellant further contends that there is insufficient proof of plaintiff’s permanent disability, to return to his trade, to justify this being considered as an item of damages.
These are all factual matters which could best be determined by the trial judge.
The record contains proof of extensive and multiple injuries with substantial pain and suffering. These injuries, coupled with the loss of the spleen and some impairment of plaintiff’s ability to perform his trade as a bricklayer, are sufficient, we feel, to preclude this court from substituting its judgment for that of the trial judge. We do not find the award made for personal injuries to be excessive nor do we find that the trial judge has abused his discretion.
Appellant concedes the correctness of the award for special damages.
For the foregoing reasons IT IS ORDERED that the judgment appealed from be affirmed at appellant’s cost.