SAMUEL, Judge.
These two suits, which were consolidated for trial in the district court and for argument in this court, arise out of the same intersectional collision between two automobiles. Plaintiff in suit No. 3615 of our docket (the suit is for personal injuries and property damages to plaintiff’s automobile) is Louis Barthelemy, driver of one of the cars involved; defendants are Victor J. Vavasseur, driver of the other vehicle, and Phoenix Insurance Company of Hartford, Vavasseur’s automobile liability insurer. Plaintiff in suit No. 3616 of our docket was Joseph Duchane, a passenger in the Barthelemy automobile, who sought damages for personal injuries sustained by him in the accident; Vavasseur and Phoenix also are defendants in that suit. Du-chane died prior to trial, his widow and daughter were substituted as parties plaintiff, and they filed a supplemental and amended petition alleging Duchane had died as a result of the injuries sustained in the accident which had been caused by the concurrent negligence of Vavasseur and Barthelemy. The supplemental and amended petition made Barthelemy an additional defendant and sought an in solido judgment against all three defendants. Answers filed by the original two defendants in both suits deny negligence on the part of Vavasseur. In addition, in the Barthelemy suit those defendants alternatively pleaded contributory negligence on the part of that plaintiff and in the Du-chane suit they filed a third party action against Barthelemy seeking full indemnity against him in the event of a judgment adverse to the third party plaintiffs.
Following trial there was judgment in suit No. 3615 in favor of defendants and against plaintiff, Barthelemy, dismissing the latter’s suit, and judgment in suit No. 3616 in favor of the Duchane plaintiffs and against Barthelemy in the sum of $12,000, in favor of defendants, Vavasseur and Phoenix, and against plaintiffs, dismissing the latters’ demands against those two defendants, and dismissing the third party demand of Vavasseur and Phoenix. The Duchane plaintiffs have appealed from the judgment in their suit and Barthelemy has appealed from the judgments- in both suits.
The Duchane appellants contend: (1) Vavasseur was guilty of concurrent negligence proximately causing the accident and therefore they are entitled to an in solido judgment against the three defendants; and (2) the award of $12,000 for Joseph Duchane’s pain and suffering is inadequate. The other appellant, Barthelemy contends *605 both judgments should be reversed insofar as they affect him because of an absence of any negligence on his part and alternatively, the judgment in the suit in which he is the plaintiff should be reversed as a result of the application of the doctrine of last clear chance.
The accident happened in the intersection of North Rocheblave Street and London Avenue in the City of New Orleans during an early afternoon rain on September 18, 1966, a Sunday. London was a boulevard; it contained a neutral ground about twenty-four feet in width on each side of which were three lanes, two for moving traffic and one, farthest from the neutral ground, for parking. North Rocheblave, the inferior street of the two, was controlled by a stop sign requiring North Rocheblave traffic to stop before entering the intersection. The Vavasseur car was proceeding on London approximately in the middle lane, i. e., the lane between the parking and neutral ground lanes, and the Barthele-my automobile was on North Rocheblave. As the two vehicles approached the intersection Barthelemy was to Vavasseur’s right. Some vehicles were parked along the London curb to Vavasseur’s right and Barthelemy’s left and those parked vehicles may have obstructed the view of the drivers and passengers in both cars.
The collision occurred in or near the London neutral ground lane when the front of the Vavasseur vehicle struck the middle and rear left side of the Barthelemy car, knocking the latter into the neutral ground. Following the collision the Vavas-seur car came to a stop within a short distance from the point of impact. Both Duchane and Barthelemy were injured.
The only evidence contained in the record relative to the manner in which the accident occurred is the testimony of five witnesses: Barthelemy, who testified on his own behalf; Lloyd Robertson and Eleanora Robertson, passengers in the Barthelemy car, who were called by the Duchane plaintiffs; and Vavasseur and Curtis Miller, a passenger in the Vavas-seur car, both of whom testified on behalf of the defendants, Vavasseur and Phoenix.
Barthelemy testified he stopped for the stop sign and then proceeded to cross at about ten miles per hour. When he was almost across the intersection to the neutral ground he stopped for a left turning vehicle approaching from his right on London. While so stopped his vehicle was struck by the Vavasseur car which he did not see prior to the impact.
Lloyd Robertson, the Duchane witness, testified the Barthelemy vehicle, which stopped for the intersection and then proceeded to cross at a speed of fifteen to twenty miles per hour, was struck when it was in the middle of the intersection. He first saw the Vavasseur car when it was only about twenty feet away. Elea-nora Robertson, the other Duchane witness, added little to the material facts. In substance, she testified only that, as a result of the collision, the Barthelemy car was spun around in the middle of the intersection and came to a stop on the neutral ground.
Vavasseur and his passenger, Miller, gave essentially the same testimony: Their vehicle was proceeding on London at approximately twenty-five miles per hour when Barthelemy drove directly into their path of travel. Vavasseur first saw the Barthelemy automobile when it was only about two car lengths away; Miller saw that other vehicle when it was only about one and one-half car lengths away. Although Vavasseur immediately applied his brakes and attempted to turn to his left, he was unable to avoid the collision.
The trial judge obviously accepted the Vavasseur and Miller version of the accident set out in the preceding paragraph, a conclusion with which we agree. Under these facts it is quite clear that Barthelemy was guilty of negligence proximately causing the accident in proceeding directly into the path of oncoming traffic which had the right-of-way and which was so close that the collision was inevitable. *606 Koob v. Cooperative Cab Co., 213 La. 903, 35 So.2d 849; Kientz v. Charles Dennery, Inc., 209 La. 144, 24 So.2d 292; Glen Falls Ins. Co. v. Copeland, La.App., 28 So.2d 145; Termini v. Aetna Life Ins. Co., La.App., 19 So.2d 286; 2 Blashfield, Cyclopedia of Automobile Law and Practice, Perm.Ed., § 1032, pp. 216, 217.
In connection with their contentions relative, respectively, to concurrent negligence on the part of Vavasseur and the application of the doctrine of last clear chance to that driver, both the Duchane plaintiffs and Barthelemy rely on Piquet v. Stiaes, La.App., 198 So.2d 496, a case handed down by this court. In both Piquet and the instant case the automobile accidents took place in the same intersection.
Piquet clearly is distinguishable. In that case we held the last clear chance doctrine prevented a recovery by the plaintiff, who was driving on London Avenue, because we found he was negligently traveling at an excessive speed or not keeping a proper lookout, or both, and that he could have avoided the accident if his speed had not been excessive and if he had been keeping a proper lookout.
In the instant case there is no evidence that Vavasseur was traveling at an excessive speed; the only competent evidence on the subject, and this is uncon-tradicted by any other testimony or by the physical facts, is that his speed was approximately twenty-five miles per hour, neither excessive nor unreasonable under the circumstances. In addition whether or not Vavasseur kept a proper lookout is not material. Assuming arguendo that he could have seen, and in fact did see, the Barthelemy car prior to the time that vehicle proceeded directly into the intersection, he would have had no reason to take any action other than that which he did take. In view of Barthelemy’s speed in entering the intersection from his stopped position (the only competent witnesses relative to whether Barthelemy stopped for the sign were Barthelemy himself and the Duchane witness, Lloyd Robertson, both of whom testified he did stop) and the short distance his car traveled (principally only across two traffic lanes) to the point of impact, during the time, and more probably at the time, Vavasseur would have seen the other vehicle it would have been stopped at the intersection apparently waiting for the oncoming Vavasseur vehicle to pass. Under these circumstances Vavas-seur, who was on the right-of-way street, had the right to assume the other driver would observe the law and accord him the right-of-way. We find no negligence on his part. Henderson v. Central Mutual Insurance Company, 238 La. 250, 115 So.2d 339; Koob v. Cooperative Cab Co., supra; Barrois v. Noto, La.App., 215 So.2d 676.
Nor did Vavasseur have the last clear chance as contended by Barthelemy. The simple answer to that contention is the doctrine is inapplicable in the instant case because Barthelemy has failed to carry the burden imposed on him by the rule. Before the doctrine can be invoked the litigant relying thereon has the burden of establishing by a clear preponderance of the evidence that: (1) he was in a position of peril of which he was unaware or from which he was unable to extricate himself; (2) the person against whom the doctrine is invoked actually discovered or, by the exercise of reasonable care, caution and observation, should have discovered such position of peril; and (3) when the person against whom the doctrine is invoked discovered or should have discovered the peril he could have avoided the accident by the exercise of reasonable care.
Here, as we have pointed out, if Vavasseur could and should have seen the Barthelemy car prior to the time he actually did see it, he would have seen it either stopped for the sign or in the process of entering the intersection. In either case the last clear chance doctrine is inapplicable; Barthelemy was not in peril while he was stopped and, after he started to and did enter the intersection it was too late for Vavasseur to avoid the accident. Scott v. Glazer, La.App., 164 So.2d 185; *607 Sonnier v. Great American Insurance Company, La.App., 134 So.2d 363; Lavigne v. Southern Farm Bureau Casualty Ins. Co., La.App., 125 So.2d 430; Clark v. Shannon, La.App., 120 So.2d 307; Wells v. Meshell, La.App., 115 So.2d 648; Moore v. Shreveport Transit Company, La.App., 115 So.2d 218; Newton v. Pacillo, La.App., 111 So.2d 895.
The final issue presented is whether the $12,000 award for the injuries sustained by Joseph Duchane is inadequate. Evidence relative to those injuries consists principally of the testimony of Dr. Philip P. LaNasa, a medical expert called by the Duchane appellants, and an extract from Duchane’s record while at Charity Hospital in New Orleans following the accident. Dr. LaNasa testified only on the basis of the record; he had not seen Duchane.
Duchane was sixty-five years of age at the time of the accident. He sustained a flail chest, a pneumothorax (collapse of a lung), several rib fractures and a back injury. His condition became progressively worse and internal bleeding necessitated exploratory surgery several days later. The surgery revealed a ruptured cancerous tumor (hypernephroma) on a kidney. The kidney was removed. Dr. LaNasa stated Duchane apparently was not aware of the tumor; it was encapsulated and possibly he could have lived several years lqnger in the absence of its rupture; but the rupture, which resulted from the accident, caused the cancer to spread more rapidly than otherwise would have been the case. Duchane was treated for the flail chest (a severe condition caused by crushing chest injuries) by sternal traction and the Byrd respirator, and radium therapy was administered. He remained in the hospital for slightly more than two months and died about seven months after the occurrence of the accident. Although Dr. LaNasa was unable to state the exact cause of death, he felt that Duchane’s death was from cancer. We are satisfied that Duchane’s injuries, particularly the flail chest, involved extreme pain for a considerable period of time and substantial pain and suffering thereafter until the time of his death.
Since quantum for personal injuries must be decided largely on the facts and circumstances surrounding the injuries involved in each case, we have examined other cases involving injuries somewhat similar to those in the instant case only for the purpose of determining whether the $12,000 awarded here is so inadequate as to constitute an abuse of the “much discretion” vested in the trial judge in assessing damages for personal injuries by LSA-C.C. Art. 1934(3). These cases include: Gaspard v. LeMaire, 245 La. 239, 158 So.2d 149; Booth v. Good Foods, Inc., La.App., 216 So.2d 885; Murry v. Bankers Fire & Marine Insurance Company, La.App., 198 So.2d 532; McCorquodale v. Watson, La.App., 170 So.2d 545; Doerle v. State Through Dept. of Highways, La.App., 147 So.2d 776; Hidalgo v. Dupuy, La.App., 122 So.2d 639; Cush v. Griffin, La.App., 95 So.2d 860.
Our conclusion is that Duchane’s injuries and the pain and suffering attributable thereto were so great that the award of $12,000 is sufficiently inadequate so as to constitute an abuse of the trial court’s discretion in assessing damages for personal injuries. We further conclude that $25,000 would be a proper and adequate award.
For the reasons assigned, the judgment appealed from in suit No. 3615 of our docket is affirmed. In suit No. 3616 of our docket that portion of the judgment appealed from which is in favor of plaintiffs, Elvira Ethel Duchane, wife of Samuel Ker, and Sarah Butler, widow of Joseph Duchane, and against defendant, Louis Barthelemy, Sr., is amended so as to increase the award from $12,000 to $25,000. As thus amended, and in every other respect, the judgment appealed from in suit No. 3616 of our docket is affirmed. All costs of both these appeals are to be borne by Louis Barthelemy, Sr.
amended and affirmed.