STOULIG, Judge.
This is an appeal from a judgment dismissing the suit of David Donald Devall[1] for compensatory damages for injuries which he sustained as a pedestrian when struck by an automobile driven by defendant Alton W. Stockton, Jr. In addition to Stockton, plaintiff sued Mrs. Angelina Chancellor, owner of the vehicle, and her liability insurer, Travelers Insurance Company. The trial court concluded, inter alia, the contributory negligence of plaintiff precluded his recovery.
On appeal plaintiff concedes his negligence but relies on the doctrine of last clear chance in urging reversal. Appellant’s contention is without merit because the evidence fails to establish the elements that must concur before the doctrine may be invoked. In this case, the pedestrian plaintiff was required to prove he was in a position of peril of which he was unaware or from which he could not withdraw and the motorist should have reasonably discovered his predicament in sufficient time to avoid the accident but failed to do so.[2]
Even though there are two conflicting versions of the accident neither warrants our applying the doctrine of last clear chance. As the motorist and his guest passenger tell it, they were driving on Laurel Street, a one-way street having but one lane for traffic moving in a downtown direction with parking lanes on either side. Stockton, moving at a speed of between 18 and 21 miles per hour, approached the intersection of General Taylor Street and when he reached the midpoint of a vehicle *440 parked closest to and approximately 2 or 3 feet from the corner, a young boy suddenly emerged from in front of the parked vehicle, turned left and ran between his moving automobile and the cars parked on the uptown river side of Laurel Street. The driver glanced around to follow the boy’s movement to ascertain if any evasive action was necessary to avoid striking him. Momentarily thereafter when he looked forward, the driver was confronted with the presence of the plaintiff immediately in front of his vehicle. Apparently Devall was chasing the first youth but failed to turn quickly enough to maneuver between the parked cars and defendant’s automobile, as did his companion.
The driver testified he did not have time to apply his brakes before the right front of his car struck the pedestrian. The automobile stopped 42 feet from the point of impact. Plaintiff, who rolled onto the hood after being struck and rolled off when defendant applied his brakes, finally came to rest an additional 12 feet beyond the point where the vehicle stopped. Obviously the doctrine of last clear chance cannot be applied to these facts because the motorist had no opportunity to avoid striking plaintiff when the latter placed himself in a position of peril.[3] The pedestrian’s negligent act and the moment of impact occurred almost simultaneously.
If we were to accept as credible the version offered by plaintiff and his witnesses, Devall still would not be entitled to recover. According to their testimony plaintiff, accompanied by two friends, stepped from the curbing at the river side of General Taylor into Laurel Street as they walked in a lakeward direction. Rather than observing oncoming traffic approaching from the left, plaintiff was facing right because he was conversing with his friends Michael James and “Peanut.” James, walking on the right, noticed defendant’s approaching car and called a warning to his friends. James pulled “Peanut” back toward the curb. Plaintiff said he looked around and saw defendant three to four car lengths from him.
By his own testimony plaintiff demonstrates he had sufficient time to extricate himself from his position of peril after he discovered the danger and this he failed to do.[4] He excuses this omission by relying on evidence that Stockton was driving at a high rate of speed.
The only speed estimate offered on behalf of plaintiff is that the Stockton automobile was moving between 35 and 40 miles per hour at the time of the accident. Since this was attested to by a witness who was sitting on the front porch of her residence on General Taylor Street, three doors from the intersection, and who could not have seen the moving car from her vantage point for any appreciable time before it reached the intersection, we assign no probative weight to her statement. Further Stockton’s estimate of 18 to 21 miles per hour is supported by the testimony of the investigating police officer who determined the speed of the vehicle at approximately 15 miles per hour based upon the distance between the point of impact and the point where the car came to rest.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.

. Suit was filed when Donald Devall was a minor. Upon attaining majority he was substituted as an additional party plaintiff.

. Maryland Casualty Co. v. Allstate Insurance Co., 96 So.2d 340 (La.App. 2d Cir. 1957).

. Delgado v. Travelers Indemnity Company, 200 So.2d 89 (La.App. 4th Cir. 1967).

. In Kraft v. U. Koen & Company, 188 So.2d 203, 207 (La.App. 4th Cir. 1966), the court observed:
“ * * * in addition, the doctrine [last clear chance] has been described as a ‘two edged sword’ in that it is applicable to both plaintiffs and defendants. A negligent plaintiff may himself have the ‘last clear chance’ to avoid his own injury. Where such a negligent plaintiff is not helpless to save himself, but is only inattentive to his surroundings, as appears to have been the case here, he has no greater right for reimbursement for loss admittedly occasioned by his own inattentiveness.”