This is a suit by the wife of a tenant of residential property against the owner thereof to recover $10,000 damages for personal injuries she sustained on July 20, 1943 when one of the floor boards of the rear porch of the premises collapsed under her weight. She alleges in substance that she was an occupant of the premises No. 3133, North Villere Street, which her husband had leased from the defendant, Mrs. August Merse, and that the injuries she received were occasioned by the defendant's negligence in failing to keep the property in repair. She further asserts that she sustained a severe sprain of her left knee and leg; that two of the veins in her leg were broken and that, in addition thereto, she suffered a recurrence of a hernia of the abdomen which was directly attributable to the accident.
In due course, the defendant appeared and admitted ownership of the premises and that plaintiff was a lawful occupant thereof. She, however, denied generally the occurrence of the accident and plaintiff's alleged injuries.
After a trial in the district court, there was judgment in plaintiff's favor for the sum of $350. Defendant has appealed and plaintiff has answered praying for an increase in the award.
The only question seriously presented for determination is the quantum of damages to which plaintiff is entitled. The uncontradicted testimony establishes that, on July 20, 1943 at 11 a.m., plaintiff received personal injuries when one of the floor boards of the porch collapsed under her weight; that her left foot and leg went through the aperture in the flooring to a point above her knee cap; that assistance was required *Page 350 
to extricate her from her position after the fall and that, thereafter, she was confined to her bed for a period of three weeks, suffering from general contusions and abrasions of the leg and knee.
Defendant complains that the award of $350 granted by the district judge is excessive and her counsel cites, in support of this position, a number of cases decided by this court and others wherein it has been held that $150 is adequate for contusions and bruises which are not serious and which confine the injured for a short period of time. Conversely, counsel for plaintiff maintain that the district judge erred in limiting plaintiff's recovery to $350 for the reason that the preponderance of evidence, shows that the accident brought about a recurrence of an abdominal hernia with which plaintiff had been previously afflicted.
[1] The record discloses the following facts. Plaintiff is over sixty years of age and is very obese, weighing in excess of two hundred pounds. During the month of October 1942, she underwent a gall bladder operation at Charity Hospital. Following this operation, she developed an abdominal hernia and, on November 3, 1942, a hernioplasty was performed. On November 22d, she was discharged from the hospital. From that date, plaintiff apparently enjoyed fairly good health, despite her obesity. On July 20, 1943, she sustained the personal injuries of which she now complains.
Plaintiff testified that, after she fell, the stitches in her abdomen at the site of the operation "gave way"; that she was confined to her bed for three weeks thereafter and that she received treatment from a Dr. Zengcl and a Dr. Nothaker. (These doctors were not summoned by her to substantiate her testimony.) The Charity Hospital record, however, shows that plaintiff was admitted to that institution on August 16, 1943, or approximately a month after the accident. The hospital report contains the following data: "Patient complains of pain in region of left knee. Knee and lower leg is very tender. Patient probably has some muscular injury and possible traumatic arthritis in the knee joint. Patient given RX No. 3 and told to continue hot applications. X-ray of left knee joint taken. Return in 4 weeks."
This report further shows that plaintiff returned to the hospital on September 13, 1943 and that an X-ray was taken which showed evidence of hyperhydric arthritis. She was again admitted to the institution on December 2, 1943 and this report contains the following notation:
"Patient fell July 20th 1943 after this patient noted a mass appearing at site of incision.
Exem: Incisional hernia-upper rt. rectus.
Advise: ret. 2 mos ??? idea that operation will have to be done."
It is on the foregoing evidence that plaintiff bases her claim that the accident caused a recurrence of the hernia in her abdomen. It is our view, however, that the district judge was correct in holding that she did not sustain her contention by a preponderance of evidence. In the first place, it will be noted from the hospital report that, when plaintiff was admitted on August 16, 1943, approximately one month after the accident, she made no complaint whatever concerning a recurrence of the hernia and it was not until the month of December 1943 that she mentioned the recurrence to the hospital authorities and contended that it was attributable to the accident in July.
Dr. L.J. O'Neil, testifying for defendant, stated that he was present in a supervisory capacity when plaintiff was operated upon in 1942 for hernia at Charity Hospital. He voices the opinion that, due to plaintiff's obesity and age, it was quite certain that the hernia would recur; that recurrence could be caused by coughing or any sudden strain and that he is unable to see causal connection between the recurrence in December 1943 and the injuries she sustained in July when she fell.
Counsel for plaintiff criticise the testimony of Dr. O'Neil, but the difficulty we find in their position is that plaintiff has failed to offer any medical testimony to contradict his opinion, although it appears from her own evidence that she was treated by two other physicians shortly after the accident. When plaintiff's failure in this respect is considered in connection with the fact that the Charity Hospital's records disclose that she did not complain of the recurrence of the hernia until December 1943, notwithstanding visits by her to that institution in August and September 1943 for treatment to her injured leg, we conclude that the district judge was correct in finding that she did not establish that the recurrence of the hernia was attributable to the accident. *Page 351 
[2] On the other hand, defendant's contention that the judgment in plaintiff's favor for $350 is excessive is not well taken. The record satisfies us that the injuries sustained, by plaintiff as the result of the accident were painful, confining and substantial and, under ordinary circumstances, would entitle her to a larger award than that granted by the court below. It is certain that her ailments cannot be considered in the same category as the trivial injuries received by the plaintiffs in the cases relied upon by counsel for defendant. However, in view of the fact that the defendant is shown to be a lady of limited means (her sole income being the sum of $60 per month which she derives from two pieces of real estate), the judgment of $350 appears to be just and proper.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.