GLADNEY, Judge.
This tort action arises from an automobile collision that occurred at the intersection of Texas and Spring Streets in Shreveport. The original plaintiffs, Mary T. Livingston and her husband, Ernest Livingston, name as defendant Hardware Dealers Mutual Insurance Company, the liability insurer of Anna H. Lee. After the death of Ernest Livingston, Mary T. *537 Livingston was authorized to prosecute his claim. The defendant has appealed from a judgment awarding Mary Livingston total damages of $2,500. Appellee has answered the appeal seeking an increase in the award.
The question of liability presents the irreconcilable testimonies of the two motorists as to the color of the light controlling traffic at the intersection. On September 5, 1966 about 1:45 P.M. Mary Livingston, accompanied by Booker T. Adams, was driving her Chrysler automobile in an easterly direction on Texas Street. After stopping at the west side of Market Street in obedience to a red light she proceeded on the green light towards Spring Street, traveling at a speed of from 15 to 20 miles per hour. The distance so traveled was established as 370 feet. Simultaneously, Anna H. Lee, the defendant’s insured, was approaching the Texas Street intersection on Spring Street driving northerly at a speed of approximately 25 miles per hour. The vehicles collided near the center of the intersection with resulting property damage to both vehicles, and Mary Livingston received personal injuries.
The defendant assigns error to the decision of the trial judge because of his finding that Anna Lee ran a red light and for disregarding the testimony of Joseph M. Burleson, a traffic expert employed by the city of Shreveport. The testimony of Burleson was elicited for the purpose of proving Mary Livingston could not have entered the Spring Street intersection on a green light. She had testified that she started from the west side of the Market Street intersection on the green light for east-west traffic on Texas and traveled eastward the intervening 370 feet distance to Spring Street at a speed of from 15 to 20 miles per hour. Burleson testified the Market and Spring Street lights operated normally from Monday through Friday each on a complete time cycle of 55 seconds and on Saturday and Sunday the cycle was 92 seconds; that when the short cycle was in operation the Market Street light turned green for east-west traffic 16.35 seconds later than the green light at Spring Street for similar traffic; and that when Mary Livingston commenced her journey from Market Street there only remained 3.4 seconds of the green light at Spring Street for east-west traffic out of a total green light phase of 19.75 seconds. He concluded in response to a hypothetical question that when the short cycle was being used it would have been impossible for Mary Livingston to- drive the 370 feet distance between the two intersections and arrive at Spring Street upon a green phase of the light there. On the other hand, had the long cycle been in effect she would have arrived at Spring Street while there still remained 13 seconds of the green light. The witness also testified that since September 5, 1966 was a Monday, normally the short cycle would have been in operation but he stated that the Police Department could telephone the office where the master control is kept and direct that the cycle in operation be changed to the other. There was some uncertainty as to how frequently such a change was made. Because of the uncertainty as to which cycle was in effect at the time of the accident the trial judge declined to accept as proof that the shorter cycle was in effect. In doing so the court stated:
“Mr. Joe M. Burleson, Traffic Engineer for the City of Shreveport, was called as a witness for the defendant and testified that he checked the sequence at the intersection of Texas and Market Street in April of 1967; and testified, in effect, that traveling at a speed of 15 to 20 miles per hour as the light was timed on the date that he checked it, the light would be red at Spring Street for traffic moving east when the traffic reached that intersection; that the other time cycle on this light would place the light green when traffic reached the intersection at this same speed, and, while the normal cycle for the light on September 5, 1966, at the time the accident occurred, would have been the same as on the date and time on which he checked it, that *538 the timing could have been changed to the other cycle by any one of the police officers calling in and having it changed at the master switch. Mr. Burleson further testified that this was frequently done and that no record was ever kept of these changes.
“In view of this testimony of Mr. Burle-son concerning the changing of the cycle on the light at the intersection of Texas and Market, we must disregard it in making a decision as to whether or not the light was green for traffic moving east on Texas or north on Spring at the time that this accident occurred. After observing the witnesses, we are convinced that the light was green for the plaintiff, Mary T. Livingston, as she was traveling east on Texas Street, and that Anna Lee ran a red light as she was traveling north on Spring, and that this was the sole and proximate cause of the accident * * * ”
After a careful study of the record we are in accord with the conclusions so reached by the trial court.
Counsel for both litigants are dissatisfied with the award. Mary Livingston at the time of the accident was 60 years of age and for some years had been in very poor health. She had been treated for chronic disorders including hardening of the arteries, heart disease and degenerative arthritis of the lumbo-sacral and cervical spine. The day after the accident she reported to Dr. Henry S. Roan of the Green Clinic in Ruston. He described his objective findings as consisting of bruises about the body, knees and mouth, and that the abdomen evidenced tenderness and two blood blisters. She complained of her teeth hurting, of headaches, and pain in the cervical and lumbar regions. She was confined to the hospital for approximately 12 days and subsequently was examined by Dr. Don H. Burt, an orthopedic surgeon, and by Dr. LaMoyne C. Bleich, of the Green Clinic.
The trial judge concluded that plaintiff’s injuries were painful but not permanent and that she had completely recovered within the year after the accident. Special damages as proven were allowed for expenses of the maid, medical expenses, including hospital and drugs, and transportation to and from the doctor’s, and reimbursement of the $100 deductible loss under the policy. The total amount of special damages appears to be approximately $1,-155.28. The allowance of $2,500.00, including special damages and damages for pain and suffering appears to us to be neither inadequate nor excessive and is approved.
Accordingly, the judgment will be affirmed at appellant’s cost.