REGAN, Judge.
The plaintiff, Mrs. Joan LaScola, in her capacity as natural tutrix of her minor son, Charles Boyer, filed this suit against the defendants, Mrs. Betty Mexic, Marjorie Walters School for Gifted Children, and its insurer, the United States Fire Insurance Company, endeavoring to recover the sum of $226,497.00, which she asserts represents the monetary damages for injuries incurred by her minor son as the result of the negligence of Mrs. Mexic in the operation of a Volkswagen bus in the course of her employment by the school.
The defendants answered and denied the plaintiff’s accusations of negligence and in the alternative, they asserted that the petitioner’s son, and his stepbrother, who was pedalling the bicycle on which Boyer was riding as a passenger when he was injured, was guilty of negligence in failing to properly operate the vehicle.
In addition, Marjorie Walters School and its liability insurer filed a third party petition against the plaintiff endeavoring to recover contribution of one-half of any amount which may be paid to the plaintiff’s son on the hypothesis that both of her children were at fault and that the plaintiff was guilty of negligence in failing to supervise and discipline her sons and in omitting to instruct them in the proper operation of a bicycle in a public street.
After a trial in the lower court before a jury, a verdict was returned in favor of all the defendants, dismissing the plaintiff’s suit at her costs. Judgment was rendered by the lower court in conformity with the jury’s verdict, and from that judgment, the plaintiff has prosecuted this appeal.
The record discloses that on October 11, 1963, Betty Mexic was operating a Volkswagen panel-type bus in the course of her employment with the Marjorie Walters School For Gifted Children, and when the accident occurred she was engaged in delivering several children to their respective homes. She stopped on the south or river side of Humanity Street, between .Elysian Fields Avenue and Frenchman Street to discharge one of the occupants of the bus. She parked the bus on the shoulder of Humanity Street facing Frenchman Street. She then discharged the child from the bus, and watched as he walked from the street into his home.
Simultaneously, the plaintiffs’ two children, Nick Noto and Charles Boyer, were riding their bicycle on the sidewalk of Humanity Street in an easterly direction or toward the defendants’ parked vehicle. Nick Noto was pedalling the bicycle, and Boyer was riding as a guest passenger thereon. There is some conflict in the evidence as to whether Boyer was riding on the handlebars or on the seat situated *556 over the rear wheel; however, both boys maintain that Boyer was seated behind Noto. The children made a left turn from the sidewalk and onto the river side of the street at a point between five and seven feet in front of the defendants’ vehicle.
The evidence reveals that when the boys made the turn, the defendants’ vehicle was parked. The testimony is again in conflict as to whether the boys stopped in front of the vehicle in order to view oncoming traffic in Humanity Street or whether they made the left turn from the sidewalk into the street in one continuous motion without stopping. In any event, the bus struck the boys after which it rolled on top of their bicycle.
The record clearly discloses the fact that as Mrs. Mexic, the driver of the bus, began to accelerate her vehicle from its parked position, she did so while her head was turned to the right looking over her shoulder to the rear for traffic which may have been approaching in Humanity Street from Elysian Fields Avenue. This fact was established by James Underwood, a disinterested witness who was within several feet of the bus when the accident occurred. He related that when Mrs. Mexic started off, she was, in fact, looking behind her and not in the direction in which she was driving her vehicle.
The evidence also reveals that when the boys were on the sidewalk with their bicycle, Mrs. Mexic’s view of them could have been obstructed by shrubbery or bushes which was in the area between the sidewalk and the street. However, it is equally clear that there were no obstructions to hinder her view when the boys had turned into the street and were directly in front of her vehicle as she drove forward.
The summary of the testimony offered by both boys and by Underwood the independent witness, clearly establishes that when the boys drove in front of the defendants’ vehicle, it was at a stop, and that Mrs. Mexic then proceeded to move forward and collided with the bicycle while she was still looking over her shoulder to the rear.
The only evidence offered in support of the défendants’ version of the facts was the testimony of Mrs. Mexic, and of an official of the Marjorie Walters School. Mrs. Mexic’s testimony is, to say the least, laborious, ambiguous and contradictory. At one point, she endeavored to create the impression that the bicycle struck the front of her vehicle before she began to move forward, and that in her excitement she permitted her foot to slip from the clutch, which in turn caused the bus to roll over the front wheel of the bicycle. She initially insisted that she did not observe the boys until after she alighted from the bus to see what had occurred. Thereafter, she asserted that she did in fact see the boys as she glanced around. At still another point in her testimony she related that the first time she saw the boys was when she heard the bus strike the metal portions of the bicycle. She then endeavored to convey the impression that the boys were standing on the sidewalk when the bus struck the bicycle.
The foregoing elucidation will serve merely as examples of the innumerable contradictions and discrepancies contained in the testimony of Mrs. Mexic.
After a careful analysis of the record, and after reviewing the testimony of each of the witnesses to the accident, we are of the opinion that the evidence overwhelmingly supports the conclusion that Mrs. Mexic stopped to discharge a passenger and while the plaintiff’s sons were passing in front of her on their bicycle, she drove her vehicle in a forward direction while she was looking to her rear. Under these circumstances, it is obvious that the jury committed manifest error in deciding the case in favor of the defendants.
The defendants endeavored to establish the contributory negligence of the *557 boys by pointing to the fact that they were riding double on the bicycle. In support of this argument, they cite the appropriate sections of the Code of the City of New Orleans[1] which prohibits traveling with more passengers on a bicycle than its design permits. However, assuming arguendo that the bicycle was not designed to accommodate two passengers, or that the injured boy was riding on the handlebars in violation of the ordinances relied upon, it is also clear that any negligence emanating from the boys was not the proximate cause or did not proximately contribute to the accident. In view of the fact that Mrs. Mexic drove forward while looking backward, it is inevitable that she would have struck the bicycle if it were only occupied by one boy, or if it were a bicycle with two seats. Moreover, in view of her failure to maintain a proper lookout, it is also highly probable that she would have struck the boys if they had been simply standing in the street instead of riding a bicycle.
We now address ourselves to the injuries incurred- by the plaintiff’s son. The medical evidence adduced herein discloses that the boy’s right knee was struck by the defendants’ bus. He was taken to his family physician, who examined and treated him. A fair evaluation of this physician’s testimony reveals he sustained three or four medium-sized hematomas or bruises on his knee and leg, which resulted in stiffness to the knee for a period of about six or seven months, with resultant loss of ability to engage in strenuous activity. There was also some swelling about the knee and some testimony regarding evidence of phlebothrombosis of the right leg between the knee and the mid-calf.
The plaintiff’s physician testified that he treated her son for approximately four years as a result of his injury, and administered shots and other treatment to him during this period-of time. However, the multitude of errors, omissions, and discrepancies contained in this physician’s records, reports, and testimony has created a grave doubt in our minds relative to the necessity for such a prolonged period of treatment. Suffice it to say that this lengthy period of treatment cannot be considered seriously by us in arriving at the monetary damages to be awarded herein.
In view of the actual injuries which we have been able to determine from this physician’s testimony and the apparent minimal nature thereof, we are convinced that an award of $750.00 would be adequate compensation therefor.[2]
In conclusion, we turn our attention to a consideration of the third party petition filed by Marjorie Walters School and its insurer against the plaintiff in an effort to obtain contribution from her predicated on the hypothesis of her negligence and that of her children. An examination of the record discloses that no evidence whatsoever was offered by the defendant to establish either the negligence of Mrs. LaScola or that of her sons. On the contrary, the evidence adduced herein proves that the accident was due entirely to the negligence of Mrs. Mexic in looking backward while driving in a forward direction.
For the foregoing reasons, the judgment of the lower court is now reversed, and judgment is rendered in favor of the plaintiff, Mrs. Joan LaScola, divorced wife of John J. Boyer, and natural tutrix of the minor, Charles Boyer, and against the defendants, Mrs. Betty Mexic, Marjorie Walters School For Gifted Children, and the Únited States Fire Insurance Company *558 solidarily in the full sum of $750.00 together with legal interest from the date of judicial demand until paid.
All costs incurred herein, including the fees of the expert witnesses, are hereby-taxed against the defendants.
Reversed and rendered.

. Traffic Ordinance, City of New Orleans, No. 828, M.S.C., as amended, Sections 38-49, 38-51, 38-68.

. See Dooner v. Parish Cab Company, La.App., 147 So.2d 231 (1962); Paretti v. Suarez, La.App., 25 So.2d 349 (1946) ; Waguespack v. Savarese, La.App., 13 So.2d 726 (1943). See also Holden v. Magnolia Transportation Company, La.App., 185 So.2d 349 (1966).