HEARD, Judge.
This is a tort action in forma pauperis by Roosevelt Moore and Alice Francis Cole Moore against the Triple Eight Cab Company, Inc., American Southern Insurance Company, Providence Washington'Insurance Company, John Henry Williams, and Odell Lewis. Alice Francis Cole Moore was a passenger in a Triple Eight cab driven by John Henry Williams which collided with an automobile owned and operated by Odell Lewis. The two insurance company defendants were insurers of the Triple Eight cab.
Liability on the part of the insurance companies was stipulated. The trial judge rendered judgment in favor of Alice Francis Cole Moore against Triple Eight, American Southern Providence Washington, John Henry Williams and Odell Lewis, in solido, in the amount of $1,000 for her injuries and resulting pain and suffering. Further, the trial judge rendered judgment in favor of Roosevelt Moore against all the above defendants, in solido, in the amount of $681.25.
Roosevelt and Alice Francis Cole Moore were granted a devolutive appeal in forma pa%iperis from the judgment below.
The Moores assign as error the trial judge’s awarding only $1,000 for the injuries which Alice Moore suffered that required her to stay in the hospital for three days and at home in bed for two weeks.
We are required by the Louisiana Constitution to review this damage award. LSA-Const. Art. 7 § 29. Our inquiry is limited by the Louisiana Civil Code, however, which provides: “In the assessment of damages ... in cases of offenses, quasi offenses, and quasi contracts, much discretion must be left to the judge or jury . . . ”, LSA-C.C. Art. 1934(5). Our duty, then, is to determine whether or not the trial judge abused his “much discretion” in awarding $1,000 for pain and suffering to Alice Moore. To determine whether the trial judge abused his “much discretion” we will consider awards in similar cases, but we will not seek uniformity as much as we will seek to compensate the plaintiff, adequately but not excessively. Gaspard v. LeMaire, 245 La. 239, 158 So. 2d 149 (1963); Ballard v. National Indemnity Company of Omaha, Nebraska, 246 La. 963, 169 So.2d 64 (1964); Lomenick v. Schoeffler, 250 La. 959, 200 So.2d 127 (1967); Miller v. Thomas, 258 La. 285, 246 So.2d 16 (1971).
It was stipulated that the three physicians who examined Alice Moore would, if called, testify in accordance with their written medical reports introduced into evidence.
Dr. J. L. Zum Brunnen, an orthopedic surgeon, stated in his report that “[t]he patient seems to have sustained a strain to the left knee and possibly a contusion to the lower leg and a strain of the pectoralis muscles about her chest. I believe she should continue activity within limits of her pain. At the present time, she has no evidence of internal derangement of the knee or any problem requiring specific treatment at this time.”
Dr. S. W. Pittman stated that “ . this patient received blunt injury to her left knee, and scratches of the right hand and left leg. An incidental finding was high blood pressure. I consider these injuries to be minimal, and anticipate that the patient will make full recovery.”
Dr. James H. Eddy, Jr. wrote that “[tjhis patient apparently had a strain of the left knee and a contusion of the chest as well as some minor abrasions. The abrasions were not evident now. There is *398 no evidence of injury to the knee or to the chest at this time. It is my impression that this patient has completely recovered and is able to do anything that she did prior to this accident. I do not anticipate any future disability.”
Alice Moore testified that she spent three days and nights in the hospital and then went home and spent ten days in bed. She stated that her chest still hurts and that her hand is now all right. She further testified that her knee hurts when she stands on it.
Roosevelt Moore testified that after Alice Moore’s three day stay in the hospital she came home and spent the next ten or twelve days in bed. He further testified that “[h]er chest hurts and her knee hurts. She didn’t have no hurting before the accident.”
Research disclosed several cases involving awards for similar injuries to those sustained here. In Roy v. Edmonson, 221 So.2d 583, La.App. (4th Cir. 1969) plaintiff received $1,000 for pain and suffering incurred as a result of a sprain of the lum-bosacral area and contusions of the left leg. Plaintiff remained in the hospital for a period of four days and returned to work in two weeks. In Rochon v. Moore, 218 So.2d 918, La.App. (3d Cir. 1969) the plaintiff received $500 for pain and suffering as a result of a strain of the sterno-mastoid muscles and a contusing injury of the chest. Plaintiff lost no time at work and was symptom free five weeks after the accident. In Livingston v. Hardware Dealers Mutual Insurance Company, 215 So.2d 536, La.App. (2d Cir. 1968) plaintiff received $1,344.72 for pain and suffering as a result of bruises about the body, knees and mouth with tenderness about the abdomen and two blood blisters. Plaintiff was confined to the hospital for twelve days. In Boyer v. Mexic, 222 So.2d 554, La.App. (4th Cir. 1969) plaintiff received $750 for pain and suffering as a result of three or four bruises on the knee and leg.
Considering the “much discretion of the trial judge in these matters, the awards in similar cases, and most importantly, the facts of this particular case, we hold that the award of $1,000 to Alice Moore for her pain and suffering is not inadequate.
Although the record reflects that it was understood plaintiff would dismiss his case against Odell Lewis, nevertheless, Lewis was cast in solido with the other defendants. This was obviously an error but one that at present we are unable to correct. Odell Lewis has not appealed from this judgment.
For the reasons assigned, the judgment is affirmed with costs to be borne by appellants.